LAND, Justice.
 

 The issue in this case is whether the defendant, Henry L. Heymann, who is engaged, under Act No. 7 of the Extra Session of 1928, in making loans of
 
 $300
 
 or less, under the name of the Home Finance Service, is or is not exempt from an annual city license for engaging in such business.
 

 The present suit is for the licenses for the years 1930, 1931, and 1932.
 

 In the court below, the city of New Orleans obtained judgment against defendant, decreeing that the rule for license tax taken by the city against defendant be made absolute, and, accordingly, that the city of New Orleans have judgment against defendant to pay to the city of New Orleans the sum of $600, as license taxes for the years 1930, 1931, and 1932, together with 2 per cent, per month interest on $200 from' March 1, 1930, and on $200 from March 1, 1931, and on $200 from March 1, 1932, and 10 per cent, attorney’s fees on both principal and interest, with first lien and privilege upon all of the property of defendant, both movable and immovable, and enjoining and restraining defendant, Henry L. Heymann, from conducting his business upon which said license is due until said amounts are paid. From this judgment defendant has appealed.
 

 Act No. 7 of the Extra Session of 1928 is entitled: “An Act To provide for the licensing and regulation of the business of making loans in sums of Three Hundred Dollars ($300.00) or less, secured or unsecured, at a greater rate of interest than eight per centum per annum,” etc.'
 

 In section 2 of the act the annual license fee is fixed at
 
 $200;
 
 and it is provided in
 
 *741
 
 that section “that the said fee shall be in lieu of
 
 all other state
 
 license and occupational taxes, fees or impositions whatsoever.” (Italics ours.)
 

 It is also provided in section 8 of article 10 of the Constitution of 1921 that: “No political subdivision shall impose a greater license tax than is imposed for State purposes.”
 

 In compliance with the City Charter, the commission council adopted Ordinances 11,-872, 12,729, and 13,443 for the years 1930, 1931, and 1932, each ordinance following the state act and imposing an annual license tax or fee of $200 on the business of making loans in the sum of $300 or less.
 

 It is clear that, under section 8 of article 10 of the present Constitution, above cited, the city of New Orleans is specifically authorized to impose a license tax, when the state has done so, on any business licensed by the state, the only limitation on municipalities as to the imposition of such tax being that no greater license tax shall be imposed than that imposed by the state.
 

 But defendant contends that the state, in section 2 of Act No. 7 of the Extra Session of 1928, has not imposed a license
 
 tax,
 
 but has imposed a license
 
 fee,
 
 and that the use of the words “license fee” is contrary to the idea that this is a tax levied for revenue.
 

 In our opinion, the fact that the Legislature in some sections of the act may have used the words “license fee” is wholly unimportant.
 

 In Jackson v. State Board of Tax Commissioners of Indiana (D. C.) 38 F.(2d) 652, 656, it is said: “The fact that the fee to be collected, as provided in section 5 of the act in question, is denominated a ‘license fee,’
 
 for the privilege of engaging in a legitimate business,
 
 is immaterial. * * * Such fees are considered revenue and are collected by virtue- of the laws conferring upon the state the power to tax its citizens for the purpose of raising revenue to support its institutions and otherwise defray the expenses and pay the indebtedness of such state.” This case later went to the Supreme Court of the United States, and the validity of the tax solely as a revenue measure was upheld. 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R. 1464.
 

 It is true that it is stated in section 2 of Act No. 7 of the Extra Session of 1928 that the payment to the state of an annual license fee of $200 shall be in “fuli payment of all expenses for the examinations under and for administration of this Act”; yet the ultimate fact is
 
 that the defendant is engaged in the legitimate business
 
 of making small loans at 3J4 per cent, per month, and we are at a loss to discover any good reason why such money lenders should be entirely free from the payment of any license tax whatever to the municipalities of the state in which they engage in such occupation or business.
 

 The Legislature clearly levied the license fee or tax under section 8 of article 10 of the Constitution of 1921 relative to the levy
 
 *743
 
 of license taxes on trades, businesses, and occupations.
 

 Taxes levied under the power to tax for revenue purposes may be devoted to the enforcement of police regulations, it is true; but, nevertheless, they still remain taxes for •revenue purposes, and not taxes levied under the police power. State v. Wilson & Co., 179 La. 648, 154 So. 636.
 

 We do .not concur in the contention of defendant that the state has exempted from the payment of a state license
 
 tax
 
 the lenders of small loans, as a favored class; and that, for this reason, a political corporation cannot impose a license
 
 tax
 
 on business exempted by the state.
 

 The state license is fixed at the sum of $200 per annum in the act, and, in order that such business might not be subjected to another
 
 state
 
 license tax, fee, or imposition of any kind, under the general license law, or some other act, it is provided in section 2 of Act No. 7 of the Extra Session of 1928 that “the said fee shall be in lieu of
 
 all other state license and occupational taxes, fees or impositions whatsoever”
 
 (Italics ours.)
 

 The words,
 
 “all other state license,”
 
 etc., refer, apparently, to the state, and cannot be interpreted, except by implication, as debarring municipalities from imposing a license tax on the business of making small loans.
 

 “The rule is that, in claims for exemption from taxation under legislative authority, the exemption must be plainly and unmistakably granted; it cannot exist by implication' only; a doubt is fatal to the claim.” Board of Directors of Chicago Theological Seminary v. Illinois, 188 U. S. 662, 23 S. Ct. 386, 387, 47 L. Ed. 641.
 

 “Another rule of construction is that exemptions from taxation are strictly construed, and doubt as to the legislative intent is fatal to the claim of immunity.” J. M. Guffey Petroleum Co. v. Murrel, Tax Collector, et al., 127 La. 466, 53 So. 705, 713.
 

 Without doubt, the Legislature would have clearly expressed such purpose, had it intended to. deprive municipalities of the right to impose a license tax on the business or occupation of lenders of small loans. It has not done so, and the exemption from municipal license claimed by defendant must be denied.
 

 Judgment affirmed.