315 So.2d 619 (1975)
SOUTHERN PACIFIC TRANSPORTATION COMPANY et al., Plaintiffs-Appellants,
v.
PARISH OF JEFFERSON et al., Defendants-Appellees.
No. 55848.
Supreme Court of Louisiana.
June 23, 1975.
*620 V. Gerald Dean, Chaffe, McCall, Phillips, Toler & Sarpy, M. Truman Woodward, Jr., Guy C. Lyman, Jr., Hilton S. Bell, Milling, Benson, Woodward, Hillyer & Pierson, J. Barnwell Phelps, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for plaintiffs-appellants.
A. Rudy Eason, Parish Atty., Nathan Greenberg, Greenberg & Dallam, Gretna, for defendants-appellees.
TATE, Justice.
The plaintiff railways sue for judgment declaring unconstitutional a tax ordinance of Jefferson Parish. Made defendant is the Parish and certain of its officials.
The plaintiffs appeal from judgment of the district court dismissing their suit. (They appeal directly to this court on the ground that the case involves a contest of the constitutionality and legality of a tax, a valid ground for direct appeal under the 1921 constitution in effect on the date of the appeal. La.Const. of 1921, Article 7, Section 10.[1])
This suit is consolidated for trial and appeal with three companion suits involving the same issue, decided this same date: Illinois Central Gulf Railroad v. Parish of Jefferson, La., 315 So.2d 622; Southern Pacific Transportation Co. v. Cronvich, La., 315 So.2d 623; and New Orleans Terminal Co. v. Cronvich, La., 315 So.2d 623.
The tax attacked as unconstitutional is levied by Ordinance No. 10347 of Jefferson Parish, enacted on September 19, 1971. By the ordinance, an annual tax is levied against railroad companies maintaining or operating on tracks within Jefferson Parish. The tax is measured at five cents (5¢) per crosstie and also twenty-five cents (25¢) per length of railroad track located within Jefferson Parish.
The plaintiff railways attack the tax as unconstitutional on numerous grounds. It is unnecessary to discuss them, since we have concluded that, under our Constitution of 1921, the local government of Jefferson Parish was not authorized to levy this tax.
Under the Louisiana Constitution of 1921, the power of local government to tax was limited to instances where the constitution or the legislature expressly authorized them to exercise it. Article X, Sections 1, 5, 8.
Jefferson Parish operates under a home rule charter. However, by the 1921 Constitution, its plan of government is expressly subject to constitutional and statutory provisions regulating the powers and functions of local government. Article XIV, Section 3(c)(2) (a 1956 amendment to the 1921 constitution). The power to tax was regarded as a function of local government for which express constitutional or legislative authorization must be found. Liter v. City of Baton Rouge, 258 La. 175, 245 So.2d 398 (1971); Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11 (1941); Ware v. Cannon, 248 So.2d 19 (La.App.1st Cir. 1971), certiorari denied, 259 La. 754, 252 So.2d 453 (1971).
The parish concedes that, if the tax in question is characterized as a property tax or as a license tax on its operating as a railroad, the local government is not authorized to levy it by provisions of the constitution and statutes in effect at the time of the ordinance. The parish, however, contends that the tax is in the nature of an excise or privilege tax on a business activity, cf. State ex rel. Porterie v. H. L. Hunt, Inc., 182 La. 1903, 162 So. 777 (1935), *621 State v. Arkansas Fuel Oil Corp., 88 So.2d 449 (La.App.2d Cir. 1956), certiorari denied, or of a service charge, City of Lake Charles v. Wallace, 247 La. 285, 170 So.2d 654 (1964).
The only legislative authorization relied upon by the parishes is that alleged to be provided by subsection (7) of La.R.S. 33:1236 (1968).
Section 1236 is an express delegation to parish governing authorities of some forty specific powersfor example, to make and regulate roads[2], to regulate fences[3], to regulate and to tax certain enterprises[4], and to appoint officers.[5] As authorization for the present tax, the police jury relies upon subsection (7) of the forty subsections.
La.R.S. 33:1236(7) (1950) authorizes parish governing bodies "To levy such taxes as they may judge necessary to defray the expenses of their respective parishes." This provision has been found in our law delegating authority to parish governing bodies at least as early as 1813. La.Acts of 1813, Act of March 25, 1813, Section 5(8), p. 154 at p. 158. See also La.R.S., Section 2743(8) (1870).
In the context of the legislation, the provision only confers upon a parish governing body the authority to levy taxes; in the absence of such delegation by the constitution or legislature, parish governing authorities did not otherwise possess this power. The provision did not, however, delegate to the parish governing authority any power to levy taxes other than those authorized by the constitution or the legislature. Cf., Union Sulphur Co. v. Parish of Calcasieu, 153 La. 857, 96 So. 787 (1923).
In summary, the subsection relied upon does not confer upon the parish governing authority any independent authority to levy a tax in addition to those taxes expressly authorized. So far as we can find, in our long history as a state this is the first time it has been contended that the provision quoted was intended to do otherwise.
As to the enactment being a "service charge": The tax (according to its terms) is imposed upon railways to provide revenues for certain governmental purposes, only some of them connected with railroad operation. Sections 3 and 8 of the ordinance. Even assuming no express or implied legislative authorization was required by the 1921 constitution for a service charge, the tax is not a "service charge" in the sense of being a direct charge for services rendered (cf. City of Lake Charles v. Wallace, 247 La. 285, 170 So.2d 654 (1965), La.R.S. 33:4161-4163), nor is any authority cited justifying its imposition in the regulatory exercise of the police power (cf. 4 Cooley, The Law of Taxation, Sections 1783-87, 1792 (4th ed., 1924)).

Decree
Accordingly, for the reasons assigned, we reverse the judgment of the trial court, and we enter judgment declaring unconstitutional Ordinance No. 10347 of the Parish of Jefferson, enacted on September 17, *622 1971. The defendants are cast with all costs of these proceedings for which they are liable by law.
Reversed and rendered.
BARHAM, J., takes no part.
NOTES
[1] This mandatory appellate jurisdiction has been eliminated by the Constitution of 1974. See Article V, Section 5. Appeals taken in such cases after January 1, 1975, the effective date of the new constitution, will be taken to the courts of appeal, which have general appellate jurisdiction of all appeals except when the 1974 constitution provides otherwise. See Article V, Section 10.
[2] La.R.S. 33:1236(2): "To regulate the proportion and direction, the making and repairing, of the roads, bridges, causeways, dikes, dams, levees, and highways."
[3] La.R.S. 33:1236(4): To regulate the form and height of inclosures or fences, whenever they may think proper to require the proprietors to inclose any ground."
[4] La.R.S. 33:1236(6): "To regulate the policing of taverns and houses of public entertainment and shops for retailing liquors in their respective parishes, and to impose whatever parish tax they may see fit on all keepers of billiard tables and grog shops and on all hawkers, peddlers and trading boats."
[5] La.R.S. 33:1236(9): "To appoint a treasurer for the parish."

La.R.S. 33:1236(10): "To appoint all officers necessary to carry into execution the parish regulations, and to remove them from office."