407 So.2d 1225 (1981)
ACORN, For Itself and Its Members, Paul Cox, Steve Holt, Beulah Labostrie, and Brenda Quant
v.
CITY OF NEW ORLEANS, Ernest Morial, Sidney Barthelemy, Joseph Giarruso, Frank Friedler, Jim Singleton, Mike Early, Brod Bagert, Philip Ciaccio, Erroll Williams and Patrick Koloski.
Mrs. Rosemary Bayolo, Wife of and Joseph S. GEECK, Jr.
v.
Erroll WILLIAMS, Director of Finance of the City of New Orleans, et al.
Mrs. Janet, Wife of and Edwin H. HEATON, et al.
v.
Erroll WILLIAMS, Director of Finance of the City of New Orleans, et al.
JACKSON HOMESTEAD ASSOCIATION, Individually and on Behalf of Others Similarly Situated, and on Behalf of Certain of Its Borrowers, and South Pines, Inc., Individually and on Behalf of Others Similarly Situated
v.
Erroll WILLIAMS, Director of Finance of the City of New Orleans, et al.
Louis W. SCHLEKAU
v.
Erroll WILLIAMS, Director of Finance of the City of New Orleans and the City of New Orleans, Through Hon. Ernest N. Morial, Mayor.
Jimmie WALKER, Bertha Rotert, Wife of/and Ronald Rotert and Helen Novella
v.
The CITY OF NEW ORLEANS, Ernest Morial, Frank Friedler, James Giarusso, James Singleton, Brod Bagert, Mike Early and Philip Ciaccio.
No. 81-C-2080.
Supreme Court of Louisiana.
December 14, 1981.
*1226 Salvador Anzelmo, City Atty., Galen S. Brown, Deputy City Atty., Thomas W. Milliner, Asst. City Atty., for defendant-applicant.
George W. Gill, Jr., Michael B. McColloster, Carolyn N. Hazard, Michael F. Barry, New Orleans, for plaintiff-respondent.
MARCUS, Justice.
ACORN, a non-profit corporation, filed suit on February 9, 1979, on behalf of itself and its members, Paul Cox, Steve Holt, Beulah Labostrie and Brenda Quant[1] attacking the constitutionality of City of New Orleans Ordinance No. 7011, M.C.S., passed on November 2, 1978 and approved by the mayor on January 2, 1979, enacting a "road use charge."[2] On October 1, 1979, Louis W. Schlekau filed a class action attacking the validity of the same ordinance. The class was certified with the members being all owners of motor vehicles subject to the road use charge who (1) had paid said charge under protest, (2) had paid said charge but did not pay under protest and desired a refund, and (3) had not paid said charge and desired to be relieved of the obligation of paying said charge. On motion of the City of New Orleans, the cases were consolidated for trial. On October 15, 1979, the New Orleans Coalition, Inc., Julia Loftus, wife of/and Thomas Niehaus, intervened uniting with defendants in resisting the plaintiffs' demands and asking not to be included in the class of the plaintiffs. On October 16, 1979, Daryl Claire Sins, wife of/and Alvin R. Childress III, intervened on the side of the plaintiffs and asked to be included in the class of the plaintiffs. On October 26, 1979, Jimmie Walker, Bertha Rotert, wife of/and Ronald Rotert, and Helen Novella filed a class action attacking the constitutionality of Ordinance No. 7011. This suit was consolidated with the others on November 5, 1979.
After trial on the merits, the trial judge upheld the constitutionality of Ordinance No. 7011. Louis W. Schlekau, Daryl Claire Sins, wife of/and Alvin R. Childress III, individually and as representatives of the class of plaintiffs appealed. The court of appeal reversed, finding the ordinance unconstitutional.[3] On application of the City of New Orleans, we granted certiorari to review the correctness of that judgment.[4]
Ordinance No. 7011 provided:

*1227 An ORDINANCE relative to the levy of a road use charge according to the classifications as provided, upon all motor vehicles registered in Orleans Parish or owned by residents of Orleans Parish, or owned by persons, firms and/or corporations whose principal place of business is located in Orleans Parish, for the year 1979 and for each year thereafter for the purpose of providing revenues to promote and benefit the health, safety and welfare of the citizens of the City of New Orleans including, but not limited to, the aiding of motor bus lines carrying passengers and other modes of public transit, which as a matter of public convenience and necessity, may be required to be maintained and continued in operation, and to otherwise provide with respect thereto.
SECTION I. THE COUNCIL OF THE CITY OF NEW ORLEANS HEREBY ORDAINS, that a road use charge be and is hereby levied on all motor vehicles registered in Orleans Parish, or owned by residents of Orleans Parish, or owned by persons, firms and/or corporations whose principal place of business is located in Orleans Parish for the year 1979 and for each year thereafter for the purpose of providing revenues to promote and benefit the health, safety and welfare of the citizens of the City of New Orleans including, but not limited to, the aiding of motor bus lines carrying passengers and other modes of public transit, which as a matter of public convenience and necessity, may be required to be maintained and continued in operation. The charge herein levied shall be according to the following classifications:

Motorcycles and other
two wheeled vehicles $25.00
 annually
Automobiles $50.00
 annually
Trucks, vans and
pickups $100.00
 annually

SECTION II. That the Director of Finance of the City of New Orleans be and he is hereby authorized to place the revenues received from the aforesaid road use charge upon the personal property tax bills of the City of New Orleans and to collect them at one and the same time, and the said Director of Finance is authorized to pay over, day by day as collected, to the General Fund of the City of New Orleans. The Director of Finance is further authorized to promulgate such rules and regulations as may be necessary to effect implementation of this provision of this ordinance, including the formulation of new and the amendment of present definitions of vehicles in their respective classifications, as provided for in Section I thereof.
SECTION III. Notwithstanding any provision of this ordinance to the contrary and notwithstanding the number of vehicles owned by and registered to a resident of Orleans Parish or a person, firm and/or corporation whose principal place of business is located in Orleans Parish, no person shall be required to pay a road use charge in excess of one thousand ($1,000.00) dollars in any one year.
SECTION IV. That if any portion of this Ordinance be held unconstitutional or invalid by a court of competent jurisdiction, such holding shall not affect the validity of the remaining portion of the Ordinance, but such remaining portion shall be and remain in full force and effect.
SECTION V. All ordinances or parts of ordinances in conflict herewith are hereby repealed.[5]
The sole issue presented for our review is whether the road use charge imposed by Ordinance No. 7011, as amended, is a license fee in contravention of art. 7, § 5 of the 1974 Louisiana Constitution which provides:
The legislature shall impose an annual license tax of three dollars on automobiles *1228 for private use, and on other motor vehicles, an annual license tax based upon horsepower, carrying capacity, weight, or any of these. No parish or municipality may impose a license fee on motor vehicles.
The City of New Orleans contends that the constitutional provision prohibits a municipality from imposing a license fee but not a tax or road use charge. We agree.
The license may be defined as the formal permission granted by a sovereign, generally for a consideration (fee), to a person, firm or corporation, to pursue some occupation or to carry on some business without which the act permitted would be illegal. Ewell v. Board of Supervisors, etc., 234 La. 419, 100 So.2d 221 (1958). Under the police power, the power to license is the power to regulate, as distinguished from the power to levy a license tax to raise revenue under the taxing power. Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11 (1941). Thus, the power to levy a fee under the police power is separate and distinct from the power to impose a tax under the taxing power. The two powers should not be confused.
Hence, the question in the instant case is whether the road use charge is a license fee or a tax as La.Const. art. 7, § 5 prohibits a municipality from imposing only a license fee on motor vehicles. A license fee on motor vehicles is a charge imposed for the privilege of using the streets. The purpose of the fee is regulatory in nature. It is imposed under the police power for the registration and licensing of motor vehicles. A person who fails to register a vehicle and pay the license fee is prohibited from operating the vehicle not registered and is subject to a fine of not more than $100 and/or imprisonment for not more than 30 days. La. R.S. 47:536. Clearly, the road use charge is not a license fee. Despite its title, it is not imposed for the privilege of using the streets. Rather, it is imposed "for the purpose of providing revenues" and applies whether or not the vehicles are used on the streets. Contrary to the license fee, the only sanction for failure to pay the road use charge is a legal obligation enforceable by a civil action. Hence, we conclude that the road use charge is a specific tax on the ownership of motor vehicles by residents of the city and is imposed under the taxing power for the purpose of raising revenue. Accordingly, the road use charge does not violate art. 7, § 5 of the Louisiana Constitution.[6] The court of appeal erred in holding otherwise. We must reverse.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the judgment of the district court upholding the constitutionality of City of New Orleans Ordinance No. 7011, M.C.S., as amended, is reinstated.
WATSON, J., dissents. The charge is clearly a license fee and violative of the Louisiana Constitution.
NOTES
[1] Named defendants were the City of New Orleans; the mayor, Ernest Morial; the city council: Sidney Barthelemy, Joseph Giarruso, Frank Friedler, Jim Singleton, Mike Early, Brod Bagert and Philip Ciaccio; the director of finance, Erroll Williams; and the director of sanitation, Patrick Koloski.
[2] The petition also contained an attack on the constitutionality of City of New Orleans Ordinance Nos. 7009 (property service charge) and 7010 (sanitation charge). On plaintiffs' motion, the suit was dismissed as to the validity of Ordinance No. 7010. Consolidated with this suit were three separate suits by (1) Mrs. Rosemary Bayolo, wife of/and Joseph S. Geeck, Jr., (2) Mrs. Janet, wife of/and Edwin H. Heaton, et al., and (3) Jackson Homestead Association against the City of New Orleans attacking the constitutionality of Ordinance No. 7009. After trial on the merits, the trial judge found Ordinance No. 7009 to be unconstitutional. On appeal to this court by the City of New Orleans, we reversed, finding that the City had the authority to levy the tax; the tax was a specific tax and not an ad valorem tax; and the tax did not violate equal protection of the laws guaranteed by the federal and state constitutions. 377 So.2d 1206 (La.1979). The property service charge was subsequently repealed by Ordinance No. 7747, M.C.S., adopted on August 7, 1980, and approved by the mayor on August 19, 1980, "for the year 1981 and for each year thereafter."
[3] 403 So.2d 76 (La.App. 4th Cir. 1981).
[4] 404 So.2d 281 (La.1981).
[5] Ordinance No. 7011 was amended by Ordinance Nos. 7111, 7324 and 7383, M.C.S. These amendments do not affect the issue before us in these consolidated cases.
[6] The road use charge was repealed by Ordinance No. 7747, M.C.S., adopted on August 7, 1980, and approved by the mayor on August 19, 1980, "for the year 1981 and for each year thereafter."