490 So.2d 776 (1986)
Charles T. D'AMICO d/b/a Lac Sports, Plaintiff-Appellee,
v.
RAPIDES PARISH COLISEUM AUTHORITY and Rapides Parish Police Jury, Defendants-Appellants.
No. 85-810.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
B. Dexter Ryland, Thomas G. Wells, Alexandria, for defendants-appellants.
Charles G. Gravel, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX and KNOLL, JJ., and BROYLES, Judge Pro Tem.[*]
DOMENGEAUX, Judge.
The sole issue presented on this appeal is the validity of a twenty-five cents per ticket surcharge on every ticket sold to functions at the Rapides Parish Coliseum. The surcharge was imposed by the defendant-appellant, Rapides Parish Coliseum Authority, to provide funds for increased security, lighting, supervision, and improvements for the parking area of the Coliseum. The validity of the surcharge was questioned in a suit for declaratory judgment filed by plaintiff-appellee, Charles T. D'Amico, an area wrestling promoter who staged matches at the Rapides Parish Coliseum. The district court held that the surcharge was a tax and that as the defendant-appellant Coliseum Authority was without power to tax, the surcharge was invalid. The Rapides Parish Coliseum Authority is a governmental entity created by defendant-appellant, Rapides Parish Police Jury, by virtue of Act No. 153 of the 1977 Louisiana Legislature. The Coliseum Authority was established as a body to oversee the development and administration of the Rapides Parish Coliseum. Those portions of Act *777 No. 153 of 1977 which are germane to this issue are:
"Section 4. General powers of authority
An authority shall have all the powers necessary or convenient to carry out the purposes of this Act (excluding the power to levy and collect taxes or special assessments) including but not limited to, the following powers:
(1) To exercise all or any portion of the administrative powers, functions and authority, relative to coliseums, vested in the governing body of the subdivision;
(2) To execute such contracts and other instruments and take such other action as may be necessary or convenient to carry out the purposes of this Act;..." [Emphasis added]
and
"Section 5. Operation and use privileges
A. In connection with the operation of a coliseum or coliseum facility controlled by an authority, the authority may enter into contracts, leases, and other arrangements with any persons granting the privilege of using or improving the coliseum or coliseum facility or any portion of facility thereof or space therein for commercial purposes and/or conferring the privilege of supplying goods, commodities, things, services, or facilities at the coliseum or any coliseum facility.
B. In each case the authority may establish the terms and conditions and fix the charges, rentals, or fees for the privileges or services, which shall be reasonable and uniform for the same class of privilege or service and shall be established with due regard to the property and improvements used and the expenses of operation to the authority...."
At the July 12, 1984, meeting of the Coliseum Authority that group passed a resolution "to levy a surcharge of twenty-five cents per ticket to provide supervised parking, additional parking lot lighting, increased security and other improvements to parking at the Coliseum."
On August 24, 1984, the plaintiff, Charles T. D'Amico, d/b/a LAC Sports, filed a petition for declaratory judgment contending that the surcharge was a tax, that under Act No. 153 of 1977 the Rapides Parish Coliseum Authority did not have the power to levy taxes and therefore the tax was invalid.
Following a trial, the district judge held that the surcharge was "synonymous with a special assessment or entertainment tax thereby exceeding the powers granted to the Coliseum Authority and is in violation of Act Number 153 Section 4 of the 1977 Louisiana Legislature" and therefore the surcharge was prohibited.
The defendants, Rapides Parish Coliseum Authority and Rapides Parish Police Jury, appealed the decision of the district court alleging that the district judge erred in having ruled that the surcharge was in fact a tax and therefore beyond the authority of the Coliseum Authority to levy.
We are of the opinion that the imposition of the surcharge was a valid exercise of the Coliseum Authority's police power and that therefore the surcharge is not violative of Act No. 153 of the 1977 Legislative Session, nor is it in violation of Article 7, Section 1 of the 1974 Louisiana Constitution.
The police power of a governing body has been defined and commented upon by the jurisprudence of this state, to-wit:
"The police power, as generally defined, extends to the protection of the lives, health, and property of the citizens, and to the preservation of good order and the public morals. The entire property and business within the local jurisdiction of the several states is within its control. The pursuit of any lawful trade or business within the local jurisdiction of the several states is within its control. The pursuit of any lawful trade or business may be subjected to reasonable regulations under the police power of the state, for the protection of the public health or safety, and the courts will interfere with the action of the local legislative authority only when it is plain and *778 palpable that such action has not real or substantial relation to the public health, or safety, or to the general welfare. * *"
City of Lake Charles v. Wallace, 247 La. 285, 170 So.2d 654 (1964), and City of New Orleans v. Schick, 167 La. 674, 120 So. 47 (1929).
Recently in Audubon Insurance Company v. Bernard, 434 So.2d 1072 (La.1983), the Louisiana Supreme Court elucidated upon the question of when a charge imposed by a governing body is a tax as opposed to an exercise of the public body's police power. In that case, the Court used the following rationale to answer that issue:
"It is well settled generally and in Louisiana that not every imposition of a charge or fee by the government constitutes a demand for money under its power to tax. If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power. City of Lake Charles v. Wallace, 247 La. 285, 170 So.2d 654 (1965); Ewell v. Board of Supervisors, Etc., 234 La. 419, 100 So.2d 221 (1958); 4 Cooley, The Law of Taxation, § 1784 (4th Ed. 1924). In similar fashion, the police power may be exercised to charge fees to persons receiving grants or benefits not shared by other members of society. Southern Pacific Transp. Co. v. Parish of Jefferson, 315 So.2d 619 (La.1975); City of Lake Charles v. Wallace, supra; Louisiana Ry. & Navigation Co. v. Madere, 124 La. 635, 50 So. 609 (1909); Griggsby Const. Co. v. Freeman, 108 La. 435, 32 So. 399 (1902); Cf. National Cable Television Ass'n., Inc. v. United States, 415 U.S. 336, 94 S.Ct. 1146, 39 L.Ed.2d 370 (1974); Cooley, supra. But if revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax. Acorn v. City of New Orleans, 407 So.2d 1225 (La.1981); Ewell v. Board of Supervisors, Etc., supra; City of New Orleans v. Heymann, 182 La. 738, 162 So. 582 (1935); State v. Wilson & Co., Inc. of Louisiana, 179 La. 648, 154 So. 636 (1934)."
A review of the record before us leaves no doubt but that the twenty-five cent per ticket surcharge was an exercise of the Rapides Parish Coliseum Authority's police power. There is testimony that prior to the imposition of the charge the patrons of the Coliseum who utilize the parking area suffered the actions of vandals and thieves. Cars were broken into and items stolen from inside and tires, wheels and batteries were removed from cars. There was also evidence that the traffic flow into and out of the parking area during events at the Coliseum was heavily congested because of poor or nonexistent traffic control. Testimony was also offered to show that a problem existed with patrons parking in unauthorized areas such as fire lanes, zones reserved for handicapped parking, and in traffic lanes.
After the surcharge was established the Coliseum Authority had the additional funds to provide better security for patrons of the Coliseum; while before the surcharge the parking area had from 0 to 2 security guards. The number of guards in the parking area following the surcharge was 8. The lighting in the parking area was increased to provide twice the illumination as before. The parking lot was striped so as to increase the efficiency of the traffic flow and parking. The defendants' witnesses testified that since the imposition of the surcharge vandalism and theft in the parking area has been drastically reduced, handicapped zones and fire lanes are policed and the traffic into and out of the Coliseum is safer.
The Coliseum Authority's witnesses also stated that the additional security and improvements will be an ongoing policy and that they project that all of the funds collected for the surcharge will be expended *779 for additional security and safety measures in the parking area.
Based upon the facts recited above, the holding in City of Lake Charles v. Wallace, supra, and the rationale of Audubon Insurance Company v. Bernard, supra, we do not find that the instant charge assessed to provide additional security and safety for the parking area of the Rapides Parish Coliseum is a tax; it is a service charge authorized by the police power of the Coliseum Authority as a public body. We find that this surcharge is in the nature of the $2.00 per month charge levied upon the citizens of Lake Charles for garbage collection which our Supreme Court held not to be a tax in City of Lake Charles v. Wallace, supra. The surcharge is a fee imposed upon those persons who utilize the Coliseum so as to provide them with additional security and safety services.
For the above and foregoing reasons the decision of the district court is reversed. All costs at trial and on appeal to be assessed against plaintiff-appellee.
REVERSED.
NOTES
[*] Judge Ted R. Broyles of the Thirtieth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.