Dear Mr. Bubrig:
Reference is made to your letter of July 24, 1979, requesting an opinion of this office on behalf of the Louisiana Assessor's Association on thirteen separate points relating to exemptions from ad valorem property taxation.
The answer to four of your questions lends itself to having those four questions answered together, and thus I will do so. Those four questions are as follows:
 "(1) Is church owned property, leased as a retail store subject to ad valorem taxes?
 (2) Is a building owned by a Masonic Lodge, and leased (in whole or in part) to a grocery store subject to ad valorem taxes?
 * * *
 (7) Are religions and/or other non-profit corporations or associations which operate book stores subject to ad valorem taxes? (Please note that we are referring to non-religious books and articles.)
 * * *
 (10) Is vacant land or unoccupied improved property, owned by a religious, or other non-profit corporation or association subject to ad valorem taxes?" *Page 2 
In answer to these questions, I would refer you to ArticleVII, Section 21 of the Louisiana Constitution of 1974 which reads in pertinent part as follows:
 "Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (A) Public lands; other public property used for public purposes.
 (B) (1) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
 (2) Property of a bona fide labor organization representing its members or affiliates in collective bargaining efforts; and
 (3) Property of an organization such as a lodge or club organized for charitable and fraternal purposes and practicing the same, and property of a nonprofit corporation devoted to promoting trade, travel, and commerce, and also property of a trade, business, industry or professional society or association, if that property is owned by a nonprofit corporation or association organized under the laws of this state for such purposes.
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association . . ." *Page 3 
Your questions number 1, 2 and 7 are covered by the last unnumbered paragraph to part B quoted above. That is, an organization which otherwise enjoys exemption on property owned by it when used for its contemplated function loses that exemption once property is used primarily for commercial purposes such as a retail store, grocery store, or unrelated book and article store. Thus if a church operates a store selling primarily religious books and some non-religious books or articles, the exemption would apply.
Even more fundamental would be the situation set forth in number 10 since vacant land or unoccupied land is not actually "operated" in any respect, and is thus not carrying out a function of the particular organization and is therefore not entitled to an exemption. No opinion is voiced regarding what type of minimal use of otherwise unimproved or unoccupied land might satisfy the operation or use requirement.
Before answering your remaining questions, I would draw to your attention the fact that according to the jurisprudence of this state an alleged constitutional or statutory grant of exemption from taxation must be strictly construed in favor of the state or the taxing body, and against the taxpayer desiring the exemption. The privilege or immunity from taxation cannot be determined by inference or implication from the wording of a statute or constitutional article, but must be clear in terms leaving no reasonable doubt. See Ruston Hospital, Inc. v.Riser, 191 So.2d 665; State v. U-Drive It Car Company,79 So.2d 590; Roberts v. City of Baton Rouge, 108 So.2d 111,236 La. 521; and City of New Orleans v. Heymann, 162 So. 582,182 La. 738. This jurisprudence has been upheld by the United States Supreme Court numerous times. See, for example, MescaleroAppachi Tribe v. Jones, 93 S.Ct. 1267, 411 U.S. 145.
I would like to deal with your questions numbered 3, 4, 6, 9, and 12a together. Those questions read as follows:
 "(3) Is a nursing home, owned by a nonprofit corporation or association subject to ad valorem taxes?
 (4) Is a Hospital, owned by a non-profit corporation or association subject to ad valorem, taxes? *Page 4 
 (6) Is property owned by a union, and leased to a governmental agency, such as U.S. Postal Service, or a local political subdivision subject to ad valorem taxes?
 * * *
 (8) Is a non-profit corporation or association which owns a Day Care Center subject to ad valorem taxes?
 (9) Is a non-profit corporation or association which owns a retirement home subject to ad valorem taxes?
 (12a) Is property used for Public Housing and owned by a non-profit corporation, or association which is not specifically chartered for housing, subject to ad valorem taxes?"
Assuming that the non-profit corporations mentioned in these questions were organized specifically for the purpose of carrying out the functions listed in your questions, the non-profit corporations mentioned in question numbers 3 and 4 would clearly be entitled to the exemption.
In answer to question number 6, I would refer you to Paragraph (B) (2) of Section 21 granting exemptions to labor organizations. I would also refer you to the jurisprudence analyzed above. In light of the requirement that exemptions be strictly construed, it is the opinion of this office that a labor organization's property must be used for labor related purposes before an exemption applies. Although used for a public purpose, the land is not used in such a way to lead to the (B) (2) exemption.
It is the opinion of this office that the functions of day care center operation and retirement home operation mentioned in questions 8 and 9 do not, beyond a reasonable doubt, fit under *Page 5 
the purposes set forth in Paragraph (B)(1) of Section 21 quoted above as do a nursing home and a hospital clearly fit under the health or welfare headings. Day care centers or retirement homes could be construed to also fit under those headings but, on the other hand an argument could be made that they are really more of a convenience type operation than related directly to vital health and welfare needs. Since there is a reasonable doubt, and since according to the jurisprudence as shown above, exemptions must be construed strictly, it is the opinion of this office that even if the non-profit corporations are created for day care and retirement home purposes, these entities do not qualify for an exemption under the present wording of the constitution. A constitutional amendment making the language clearer in their favor is necessary before the exemption would apply.
Your question 12-a reads as follows:
 "Is property used for Public Housing owned by a non-profit corporation, or association which is not specifically chartered for housing, subject to ad valorem taxes?"
A non-profit corporation which might otherwise enjoy an exemption on property except for the fact that the property is used for public housing while the non-profit corporation is not specifically chartered for housing at all, e.g., the American Legion, Knights of Columbus, etc., does not enjoy the exemption.
 Your question number 5 reads as follows:
 "Is an apartment complex, owned by a non-profit corporation or association subject to ad valorem taxes?"
I would again refer you to the language of Paragraph (B)(1) which requires that the non-profit organization be organized for certain public purpose reasons which must be reflected in the operation of the property for which an exemption is sought. Thus, a non-profit corporation owning an apartment complex is not entitled to an exemption on that property as the operation of apartments in general clearly do not come under the descriptions in the constitutional article as purposes for which exemptions are granted. *Page 6 
Your question number 3.1 reads as follows:
 "Are Country Club and Social Clubs owned by a non-profit corporation or association subject to ad valorem taxes?"
I would refer you to the answer to your questions number 8 and 9 and state that in the opinion of this office and in light of the jurisprudence analyzed above, country club and social club activities will not usually be included under the definition of a "charitable and fraternal" organization mentioned in B(3) as the latter are generally organized for the accomplishment of public service projects rather than private activities. Thus, a country club or social club would not usually be entitled to an exemption although non-profit status may exist. The organization must be charitable and fraternal, not just fraternal.
Your question number 12 reads as follows:
 "Is property used for public housing, and owned by a non-profit corporation or association, chartered specifically for furnishing low income housing, subject to ad valorem taxes?"
I would state that assuming that the public housing mentioned is in fact "low income" housing, then the exemption would apply as the corporation is organized for that specific purpose and the welfare provision in Section 21 (B)(1) would be met. In this light it would fall on the shoulders of the assessor to ascertain whether a particular housing project is clearly within the scope of the organizational purposes of the non-profit corporation and apply the exemption if there is no reasonable doubt in his mind that those purposes are being fullfilled with the property in question. Otherwise, based on the jurisprudence outlined above, an assessor is within his rights to deny an exemption when there is a reasonable doubt as to the applicability of the law granting the exemption.
In further support of the foregoing interpretations of Article VII, Section 21, I would refer you to Records of the *Page 7 Louisiana Constitutional Convention of 1973: ConventionTranscripts Volume 8, p. 1910 et seq. and p. 2022 et seq., which read in part as follows: *Page 1910 
 "Mr. Landrum. . . . Now, when I say church-related properties, I'm not talking about churches that have industries or churches that conduct and have supermarkets. These type of businesses are able to pay taxes. It's a money-making outfit, and I think they should pay taxes." *Page 1917 
 "Mr. Lennox. . . I'm not defining WWL-TV at all. I am simply saying that corporations, eleemosynary corporations engaged in commerce in competition with enterprise shall enjoy no advantage by prohibiting ad valorem taxation exemptions from those corporations."
 Page 2023
 "Mr. Abraham . . . Well, maybe I phrased my question wrong. Is the intent . . . I thought maybe that the intent of this was to, prevent, say, any trade organization or labor union or religious organization — whatever it means — maybe, from going out and getting a piece of commercial property and leasing it out or something like that. Is it the intent to prevent this type of thing?"
 "Mr. Rayburn . . . It was put in there for that, yes, sir." *Page 8 
In summary I would give the following as a basic guide in determining an Article VII, Section 21 exemption:
 (1) (A) Is the property owned by a non-profit corporation or association organized for a (B) (1) function; or
 (B) does the property belong to a bona fide labor organization involved in collective bargaining; or
 (C) does the property belong to a lodge or club organized for charitable and fraternal purposes; or
 (D) does the property belong to a non-profit corporation devoted to trade, travel and commerce; or
 (E) does the property belong to a trade, business, industry, or professional society or association having non-profit corporation or association status in Louisiana?
 (2) If the answer is yes to any of the above, is the property owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes? If so, no exemption applies to that property or pro-rata part.
 (3) If the answer is yes to any question 1 provision and no to question 2, ascertain whether the use of the property conforms to the purposes for which the organization exists. If it does not, and even if the unrelated use is public related and might be exempt if used in the same manner by an appropriate organization, the exemption does not apply.
 (4) Any reasonable doubt should be resolved against the owner and in favor of taxation. *Page 9 
Trusting that this opinion adequately answers your questions, I am
Yours truly,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: FRED L. CHEVALIER
ASSISTANT ATTORNEY GENERAL
FLC:men
OPINION NUMBER 79-861A
July 15, 1980
 129 Taxation; Art. VII, Section 21, La. Const.
Country clubs are not clearly exempt from ad valorem taxes Honorable Charles R. Hennington and could thus be considered Assessor, Caddo Parish Courthouse taxable. Shreveport, LA 71101