Dear Dr. Kyle:
You requested the opinion of this office concerning the reasonableness of certain user fees when they are coupled with certain dedicated taxes. You advised that in certain situations, there is a continual surplus of user fees to be transferred to the general fund because the particular service is also covered by a dedicated tax.
Your first question is, if a particular service is covered by both a user fee and a dedicated tax, is it reasonable to allow the municipality to continue to charge the user fee?
This question cannot be answered in the abstract. It is fact sensitive. The answer can vary depending on the amount of the fee collected in proportion to the cost of the service and whether that difference is "material." Materialness is subjective and depends upon the facts involved.
However, we hope that the following is of assistance to you in your review of the user fees and dedicated taxes of particular municipalities:
The nature of a charge is determined not by its title, buy by its incidents, attributes and operational effect. Thus, the nature of a charge must be determined by its substance and realities, not its form. Gallaspy v. Washington Parish Police Jury, 94-1434, (La. 11/30/94); 645 So.2d 1139; Reed v. City of New Orleans, 593 So.2d 368
(La. 1992). In Audubon Insurance Company v. Bernard, 434 So.2d 1072
(La. 1983), the Louisiana Supreme Court elucidated upon the question of when to charge imposed by a governing body as a tax as opposed to an exercise of the public body's police power. In that case, the Court used the following rationale to answer that issue:
 "It is well settled generally and in Louisiana that not every imposition of a charge or fee by the government constitutes a demand for money under its power to tax. If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power. City of Lake Charles v. Wallace, 247 La. 285, 170 So.2d 654 (1965); Ewell v. Board of Supervisors, etc., 234 La. 419, 100 So.2d 221 (1958); 4 Cooley, The Law of Taxation, § 1784 (4th Ed. 1924). In similar fashion, the police power may be exercised to charge fees to persons receiving grants or benefits not shared by other members of society. Southern Pacific Transp. Co. v. Parish of Jefferson, 315 So.2d 619 (La. 1975); City of Lake Charles v. Wallace, supra; Louisiana Ry. Navigation Co. v. Madere, 124 La. 635, 50 So. 609
(1909); Griggsby Const. Co. v. Freeman, 108 La. 435, 32 So. 399 (1902); Cf. National Cable Television Ass'n, Inc. v. United States, 415 U.S. 336, 94 S.Ct. 1146, 39 L.Ed.2d 370 (1974); Cooley, supra. But if revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax. Acorn v. City of New Orleans, 407 So.2d 1225 (La. 1981); Ewell v. Board of Supervisors, Etc., supra; City of New Orleans v. Heymann, 182 La. 738, 162 So. 582
(1935); State v. Wilson Co., Inc. of Louisiana, 179 La. 648, 154 So. 636 (1934)." Safety Net for Abused Persons v. Segura, 96-1978 (La. 4/8/97), 692 So.2d 1038.
This office has held that the right to collect a reasonable user fee to defray the operating expenses for services provided is a reasonable means for the exercise of a governmental entity's power to protect and preserve the health and welfare of its citizens. Attorney General Opinion No. 93-582. The imposition of such a fee is an express power granted by the legislature and does not require electoral approval. However, while states and their political subdivisions are accorded wide latitude in the regulation of their local economies under their police powers, any regulation imposed by the governmental entity for a user fee must be applied fairly and in a manner reasonably related to the entity's objective in accordance with due process. City of Lake Charles v. Henning, 414 So.2d 331 (La. 1982). Thus, the fee should not be excessive so as to constitute an illegal tax, and must be applicable to all residents similarly situated and desiring this service. Attorney General Opinion Nos. 93-582, 92-287, 91-260, 89-311 and 80-82.
In City of Lake Charles v. Wallace, 247 La. 285, 170 So.2d 654
(1965), the validity of a municipal ordinance imposing a service charge was challenged. On rehearing, the Court expanded its ruling and concluded:
 A state or one of its subdivisions frequently receives income from sources other than taxation, so that all forms of public revenue cannot with accuracy be called taxes. Thus, a city or town is frequently authorized to furnish some form of public service for profit, or at least for compensation. Such charges are not in any just sense taxes. Thus, it is well settled that the charges made upon consumers by municipal waterworks are not taxes, but merely the price paid for commodity sold. Nor may the following exactions be regarded as taxes . . . a fee charged for . . . removing garbage. . . .
 . . . Because the city charges a fee, and it may be hence argued that some incidental revenue would come to the municipality, does not convert the ordinance into a revenue measure. . . . Collection and disposal of refuse gathered by the city resulting in some small incidental revenue creates no municipal liability.
 * * *
 We do not find that the instant charge assessed for the collection and disposal of garbage is a tax; it is a service charge. The fact that revenue was received from the collection of such service charge levied under the police power of the city . . . does not ipso facto
convert the ordinance into a tax measure.
As can be gleaned from the above, a user fee does not constitute a tax merely because revenue was received from the collection of same. A fee is a tax if the imposition clearly and materially exceeds the cost of the special benefits conferred. Attorney General Opinion No. 91-260; Attorney General Opinion No. 98-401.
You next ask if the Constitution, statutes or jurisprudence give directives as to whether tax revenues must be spent before user fee funds or vice-versa? We have been unable to find any direction in the Constitution, statutes or jurisprudence as to whether taxes or fees must be spent first. The only statute which, to our knowledge, prioritizes spending by political subdivisions is R.S. 33:2922 which mandates the payment order as:
 "first, all statutory charges shall be paid from the respective funds upon which they are imposed; second, all charges for services rendered annually under time contracts; third, all necessary and usual charges provided for by ordinance or resolution . . ."
As to your question regarding a general maintenance user fee, the undersigned was unable to find any legislation authorizing the imposition of a fee for general maintenance purposes. Fees can only be imposed by local governments when authorized by legislation or by home rule charter. See Op. Atty. Gen. 98-447, 99-24.
Trusting this adequately responds to your request, we remain,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/dra