Dear Representative Daniel:
Reference is made to your request for an opinion of this office with respect to the authority of the Livingston Parish Council to levy and collect a documentary transaction tax or immovable property transaction fee as established by Livingston Parish Ordinance No. 04-28 (hereinafter the "Documentary Transaction Tax"). Please note that this office considers the Documentary Transaction to be properly classified as a `tax', as opposed to a `fee.'[1] You have kindly provided this office with a copy of the Ordinance, which is attached hereto. It is your position that the Livingston Parish Council does not have such authority.
The first issue that must be addressed is whether the Documentary Transaction Tax may be imposed by Livingston Parish under authority of its home rule charter or whether state law controls in this area. It is our understanding that the Livingston Parish Home Rule Charter was adopted after the enactment of the 1974 Constitution. Attorney General's Opinion No. 96-406. As such, Livingston Parish's Home Rule Charter must conform to the provisions of La. Const. (1974) Art. VI, Sec. 5. A home rule charter adopted under Art. VI, Sec 5 can provide for the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with the constitution.
In a pronouncement of the constitutional balance between state and local governmental powers, the Louisiana Supreme Court observed that a local government subdivision that acquires home rule powers subsequent to the adoption of the 1974 constitution is authorized to exercise such powers only when "necessary, requisite, or proper for the management of its affairs." City of New Orleans v. Boardof Commissioners of the Orleans Levee District, 93-0690, 640 So.2d at 244. See also, St. Charles Gaming Co., Inc. v. RiverboatGaming Com'n, 94-2697 (La. 1/17/95), 648 So.2d 1310; Daiquiri CafeSherwood, Inc. v. Parish of East Baton Rouge, 2000-1745 (La.App. 1 Cir. 11/9/01), 818 So.2d 1; Attorney General's Op. No. 02-0267.
A local governmental subdivision operating under a home rule charter possesses power as broad as that exercised by the State, except where limited by the Constitution, by laws permitted by the Constitution, and the charter itself. Francis v. Morial,455 So.2d 1168 (La. 1984); City of Shreveport v. Chanse Gas Corp., 34,959 (La.App. 2 Cir. 8/22/01), 794 So.2d 962; Miller v. Oubre, 96-2022 (La. 10/15/96), 682 So.2d 231; Attorney General's Op. No. 02-0267. Thus, in order for a particular action or exercise of power by a home rule charter government such as the Parish of Livingston to be considerd permissible, it must be determined that the exercise of power complies with the Constitution and the laws of the State as authorized by the Constitution, as well as with the government's charter.
La. Const. (1974) Art. VII, Secs. 1 and 2 and La. Const. (1974) Art. VI, Sec. 30 pertinently provide as follows:
 "Article VII, Section 1. Power to tax; public purpose
 Sec. 1. (A) Except as otherwise provided by this constitution, the power of taxation shall be vested in the legislature, shall never be surrendered, suspended, or contracted away, and shall be exercised for public purposes only."
 "Article VII, Section 2. Power to tax; limitation
 Sec. 2. The levy of a new tax, an increase in an existing tax, or a repeal of an existing tax exemption shall require the enactment of a law by two-thirds of the elected members of each house of the legislature."
 "Article VI, Section 30. Political subdivisions; taxing power
 Sec. 30. (A) A political subdivision may exercise the power of taxation, subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal and other local purposes, strictly public in their nature "
Clearly, the power to tax is reserved for the legislature, except as otherwise provided by the Constitution, and a political subdivision such as Livingston Parish may exercise its power of taxation only under authority granted by the legislature and/or the constitution. In accord: Attorney General's OpinionNo. 98-447.
We have reviewed the statutory and constitutional provisions pertaining to parishes such as Livingston and can find no constitutional or legislative grant of authority for the imposition of a documentary transaction tax or an immovable property transaction tax. Accordingly, it is the opinion of this office that Livingston Parish is without the authority to levy the Documentary Transaction Tax.
In reaching our determination herein, we have considered LSA-R.S.33:1236(7), and we recognize that pursuant to this provision Livingston Parish is given the power to levy taxes to defray parish expenses. This provision has however, been given a restricted interpretation by the Louisiana Supreme Court. InSouthern Pacific Transportation Co. v. Parish of Jefferson,315 So.2d 619 (La. 1975), the Court held that the taxing power granted pursuant to LSA-R.S. 33:1236(7) did not delegate to a parish governing authority any right to levy taxes other than those authorized by the Constitution and legislature. See also,Radiofone, Inc. v. City of New Orleans, 630 So.2d 694 (La. 1994),Attorney General's Opinion No. 79-1232.
We trust this opinion has sufficiently addressed your inquiry, and we remain,
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam
[1] We are advised by Mr. Blaine Honeycutt, attorney to the Parish of Livingston, that the Parish seeks to impose the Documentary Transaction Tax as a means of defraying the cost of providing general parochial services to the citizens of Livingston Parish, such as police and fire protection, infrastructure, etc. In accordance with the reasoning and analysis set forth by the Louisiana Supreme Court in Audubon Insurance Company v. Bernard,434 So.2d 1072 (La. 1983), we consider the Documentary Transaction Tax to be properly considered a tax, as it has for its primary purpose the raising of parish revenues.