Dear Representative Greene:
Reference is made to your request for an opinion of this office with respect to the authority of the West Baton Rouge Parish Council to levy and collect a wastewater development impact fee as established by West Baton Rouge Parish Ordinance No. 19 of 2005 (hereinafter the "Impact Fee"). Please note that in spite of the ordinance use of the term "fee", this office considers the Impact Fee to be properly classified as a `tax', as opposed to a `fee.'[1] You have kindly provided this office with a copy of the Ordinance, which is attached hereto. It is your position that the West Baton Rouge Parish Council does not have such authority.
The first issue that must be addressed is whether the Impact Fee may be imposed by West Baton Rouge Parish under authority of its home rule charter or whether state law controls in this area. It is our understanding that the West Baton Rouge Parish Home Rule Charter was adopted after the enactment of the 1974 Constitution. Attorney General's Opinion No. 04-0062. As such, West Baton Rouge Parish's Home Rule Charter must conform to the provisions of La. Const. (1974) Art. VI, Sec. 5. A home rule charter adopted under Art. VI, Sec. 5 can provide for the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with the constitution.
In a pronouncement of the constitutional balance between state and local governmental powers, the Louisiana Supreme Court observed that a local government subdivision that acquires home rule powers subsequent to the adoption of the 1974 constitution is authorized to exercise such powers only when "necessary, requisite, or proper for the management of its affairs." City ofNew Orleans v. Board of Commissioners of the Orleans LeveeDistrict, 93-0690, 640 So.2d at 244. See also, St. CharlesGaming Co., Inc. v. Riverboat Gaming Com'n, 94-2697 (La. 1/17/95), 648 So.2d 1310; Daiquiri Cafe Sherwood, Inc. v. Parishof East Baton Rouge, 2000-1745 (La.App. 1 Cir. 11/9/01),818 So.2d 1; Attorney General's Op. No. 02-0267.
A local governmental subdivision operating under a home rule charter possesses power as broad as that exercised by the State, except where limited by the Constitution, by laws permitted by the Constitution, and the charter itself. Francisv. Morial, 455 So.2d 1168 (La. 1984); City of Shreveport v.Chanse Gas Corp., 34,959 (La.App. 2 Cir. 8/22/01),794 So.2d 962; Miller v. Oubre, 96-2022 (La. 10/15/96), 682 So.2d 231;Attorney General's Op. No. 02-0267. Thus, in order for a particular action or exercise of power by a home rule charter government such as the Parish of West Baton Rouge to be considerd permissible, it must be determined that the exercise of power complies with the Constitution and the laws of the State as authorized by the Constitution, as well as with the government's charter.
La. Const. (1974) Art. VII, Secs. 1 and 2 and La. Const. (1974) Art. VI, Sec. 30 pertinently provide as follows:
 "Article VII, Section 1. Power to tax; public purpose
 Sec. 1. (A) Except as otherwise provided by this constitution, the power of taxation shall be vested in the legislature, shall never be surrendered, suspended, or contracted away, and shall be exercised for public purposes only."
 "Article VII, Section 2. Power to tax; limitation
 Sec. 2. The levy of a new tax, an increase in an existing tax, or a repeal of an existing tax exemption shall require the enactment of a law by two-thirds of the elected members of each house of the legislature."
 "Article VI, Section 30. Political subdivisions; taxing power
 Sec. 30.(A) A political subdivision may exercise the power of taxation, subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal and other local purposes, strictly public in their nature . . ."
Clearly, the power to tax is reserved for the legislature, except as otherwise provided by the Constitution, and a political subdivision such as West Baton Rouge Parish may exercise its power of taxation only under authority granted by the legislature and/or the constitution. In accord: Attorney General's OpinionNo. 98-447.
We have reviewed the statutory and constitutional provisions pertaining to parishes such as West Baton Rouge and can find no constitutional or legislative grant of authority for the imposition of an impact fee or tax such as that imposed by West Baton Rouge Ordinance No. 19 of 2005. Accordingly, it is the opinion of this office that West Baton Rouge Parish is without the authority to levy the Impact Fee.
In reaching our determination herein, we have considered LSA-R.S. 33:1236(7), and we recognize that pursuant to this provision West Baton Rouge Parish is given the power to levy taxes to defray parish expenses. This provision has however, been given a restricted interpretation by the Louisiana Supreme Court. In Southern Pacific Transportation Co. v. Parish of Jefferson,315 So.2d 619 (La. 1975), the Court held that the taxing power granted pursuant to LSA-R.S. 33:1236(7) did not delegate to a parish governing authority any right to levy taxes other than those authorized by the Constitution and legislature. See also,Radiofone, Inc. v. City of New Orleans, 630 So.2d 694 (La.1994), Attorney General's Opinion No. 79-1232.
We note that the legal opinion expressed herein is consistent with that expressed in two prior opinions of this office, namely Attorney General's Opinion No. 98-447 which determined that the City of Bastrop could not, in the absence of legislative authorization, levy either a transfer tax or an impact fee for the purpose of raising revenue for the City, andAttorney General's Opinion No. 04-0381 which determined that Livingston Parish is without authority to levy a documentary transaction tax.
We trust this opinion has sufficiently addressed your inquiry, and we remain,
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
[1] A reading of West Baton Rouge Parish Ordinance No. 19 of 2005, as well as the West Baton Rouge Parish Code of Ordinances Chapter 20, Article XII, pursuant to which Ordinance No. 19 Of 2005 was adopted, indicates that the Impact Fee is to be imposed as a means of defraying the cost of providing general parochial services within West Baton Rouge Parish, specifically within the area(s) impacted by development, for services with respect to ". . . potable water, wastewater, stormwater, transportation, school and recreation impacts . . .". In accordance with the reasoning and analysis set forth by the Louisiana Supreme Court in Audubon Insurance Company v. Bernard, 434 So.2d 1072 (La.1983), we are constrained to determine the Impact Fee to be properly considered to be a tax, as it appears to have for its primary purpose the raising of parish revenues.
ORDINANCE NO. 19 OF 2005