630 So.2d 694 (1994)
RADIOFONE, INC.
v.
The CITY OF NEW ORLEANS, The City Council of New Orleans, Dorothy Mae Taylor, Council Woman-At-Large, Joseph I. Giarrusso, Councilman-At-Large, James Singleton, Lambert C. Bossere, Johnny Hockson, Jr. and Sidney J. Barthelemy, Mayor of the City of New Orleans.
No. 93-WA-0962.
Supreme Court of Louisiana.
January 14, 1994.
*695 Kathy L. Torregano, City Atty., Dan B. Zimmerman, Deputy City Atty., Bruce E. Naccari, Asst. City Atty., for applicants.
Charles W. Lane, III, Pauline F. Hardin, William M. Backstrom, Jr., Katy K. Theriot, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Jesse R. Adams, Jr., Bruce J. Oreck, Adams & Johnson, New Orleans, for respondents.
DENNIS, Justice.[*]
Under the Louisiana Constitution of 1974, a local governmental subdivision may impose an occupational license tax greater than that imposed by the state when authorized by law enacted by two-thirds of the elected members of each house of the legislature. Article VI, § 28. The City of New Orleans imposed a tax on the privilege of engaging in a telecommunications business greater than any such state tax without approval of the prescribed legislative supermajority. The issues in this case are: (1) whether the City of New Orleans is authorized independently by the retained home rule powers, delegated to it by Article VI, § 4 of the constitution, to impose an occupational license tax greater than any imposed by the state; and, if not, (2) whether a local government tax on the privilege of engaging in a particular business that does not subject a defaulting taxpayer to an injunction of his taxable business pursuits is an "occupational license tax" governed by the constitutional provision. The plaintiff telecommunications services company brought this action to declare the city's tax unconstitutional. The trial court rejected the plaintiff's suit and granted the city's motion for summary judgment declaring the tax constitutional. The court of appeal reversed, holding that the city's tax violates Article VI, § 28 because it is an occupational license tax imposed by a local government in excess of any state occupational license tax without authorization by law enacted by the required legislative supermajority. *696 Radiofone, Inc. v. City of New Orleans, 615 So.2d 1067 (La.App. 4 Cir.1993). We affirm.
The power of the state to tax is unlimited except as restricted by constitutional provisions. On the contrary, local governmental subdivisions possess with respect to taxation only such power as has been granted to them by the state constitution or the statutes. Article VI, § 28 of the 1974 Louisiana Constitution grants a local governmental subdivision the authority to impose an occupational license tax not greater than that imposed by the state. Additionally, Article VI, § 28 authorizes a local government to impose an occupational license tax greater than that imposed by the state when approved by law enacted by two-thirds of the elected members of each house of the legislature. Article VI, § 4 retains the home rule powers of preexisting home rule charter governments except as inconsistent with the constitution. The preexisting home rule charter of the City of New Orleans authorized the city to impose any and all kinds of taxes or license fees necessary to operate municipal government except when expressly prohibited by the constitution. Although the constitution does not expressly prohibit a local government from unilaterally imposing an occupational license tax, Article VI, § 28 was intended to fulfill the purpose of reconciling the conflicting and competing interests of the state, the local governments, and the pursuers of occupations and businesses with regard to occupational license taxes. Therefore, insofar as the city's home rule taxing power purports to authorize the imposition of an occupational license tax in conflict with Article VI, § 28's accommodation of these interests, the home rule power is inconsistent with the constitution and must yield.
The tax imposed by the City of New Orleans on the privilege of engaging in a telecommunications business is an "occupational license tax" within the intention of the constitutional provision regardless of the lack of an injunctive remedy; the method of enforcing collection of an occupational license tax has no significant or demonstrable bearing upon the nature of the tax or the meaning of the constitutional provision. Therefore, because the city's occupational license tax is greater than any imposed by the state and was not authorized by law enacted by the prescribed legislative supermajority, the tax is unconstitutional.

Facts And Procedural History
By Act 1017 of 1986, the legislature discontinued the state occupational license tax and authorized local governmental subdivisions to impose occupational license taxes not exceeding the maximum rate set forth in the statute. La.R.S. 47:341 A. The act was passed by a favorable vote of two-thirds of the elected members of each house of the legislature as required by Article VI, § 28 of the state constitution for laws authorizing a local governmental subdivision to impose an occupational license tax greater than that imposed by the state. The act also modified the procedure for collection of occupational license taxes by eliminating the collector's authority to obtain an injunction prohibiting the operation of a business because of the failure to pay the tax. La.R.S. 47:351. In 1987 the City of New Orleans, pursuant to Act 1017 of 1986, imposed an occupational license tax equal to the maximum rate permitted by the law. It is undisputed that Radiofone, Inc. is liable for payments under this occupational license tax because of its operation of a telecommunications business in the city. The controversy in this case involves an additional tax the City purports to impose on the privilege of engaging in telecommunications services enterprises.
The City of New Orleans on November 8, 1990 adopted an ordinance which requires any person who furnishes telecommunications services within the city to pay to the city a tax for the privilege of engaging in such business of four per centum of the gross receipts from such business. Radiofone, Inc., a telecommunications services company, filed suit against the city and others for a declaratory judgment that the ordinance and tax were unconstitutional. The plaintiff and the defendants filed cross motions for summary judgment. The trial court granted the city's motion for summary judgment upholding the constitutionality of the tax. Joined by a group of intervenors, Radiofone appealed. *697 The court of appeal reversed and granted Radiofone's motion for summary judgment holding the ordinance and tax unconstitutional as being in contravention of Article VI, § 28 of the 1974 Louisiana Constitution. Radiofone, Inc. v. City of New Orleans, 615 So.2d 1067 (La.App. 4 Cir.1993). We affirm.

Application of Legal Precepts
Preliminarily, it should be noted that the facts and many of the legal conclusions important to this case are undisputed. The state currently does not impose an occupational license tax. But the legislature by the required supermajority vote has authorized local governmental subdivisions to impose an occupational license tax up to a statutorily prescribed maximum rate. The City of New Orleans took advantage of that authorization and imposed an occupational license tax to the full extent permitted by that law. The validity of that tax is not disputed. The present case concerns an additional tax the city purports to impose on the privilege of engaging in a telecommunications business. It is undisputed that the city did not obtain the approval of a legislative supermajority for the imposition of the additional tax.
The City also concedes that the additional levy is a form of taxation because it is imposed for purposes of raising revenues. In other words, the assessments are imposed as taxes, not as a manifestation of the police power that commands fees only for defrayal of the costs of administration of a regulatory program, or not substantially in excess thereof. Audubon Ins. Co. v. Bernard, 434 So.2d 1072 (La.1983); City of Lake Charles v. Wallace, 247 La. 285, 170 So.2d 654 (1965); Ewell v. Board of Supervisors, Etc., 234 La. 419, 100 So.2d 221 (1958); 9 McQuillin, Municipal Corporations § 26.40 (3d ed. 1984); 4 Cooley, The Law of Taxation, § 1784 (4th Ed.1924).

1.
A general principle of judicial interpretation of a state constitution is that, unlike the federal constitution, a state charter's provisions are not grants of power but instead are limitations on the otherwise plenary power of the people of a state exercised through its legislature. Hainkel v. Henry, 313 So.2d 577 (La.1975). Correlatively, the power to tax inheres in the state as an attribute of its sovereignty, and is not dependent upon a grant of power in the constitution. See 16 McQuillin, Municipal Corporations § 44.05 (3d ed. 1984); 4 Sands & Libonati, Local Government Law § 23.02 (1982) and cases cited therein. Article VII, § 1 of the 1974 Louisiana Constitution recognizes and incorporates that principle: "Except as otherwise provided by this constitution, the power of taxation shall be vested in the legislature, shall never be surrendered, suspended, or contracted away, and shall be exercised for public purposes only." Therefore, the power of the state to tax is unlimited except as restricted by constitutional provisions. Interstate Tax Bureau v. Conway, 180 La. 453, 156 So. 463 (1934); 16 McQuillin, Municipal Corporations § 44.05 (3d ed. 1984).
On the contrary, it is generally recognized that local governments possess with respect to taxation only such power as has been granted to them by the state constitution or the statutes. E.g., Southern Pacific Transp. Co. v. Parish of Jefferson, 315 So.2d 619 (La.1975); State v. Diamond, 167 So. 760 (La.App. 2d Cir.1936); 16 McQuillin, supra; 4 Sands & Libonati, supra. Therefore, unless the state constitution provides otherwise, the exercise of the power of taxation is vested exclusively in the state legislature and is subject to legislative control. See 16 McQuillin, at § 44.06 and authorities cited therein at n. 1-3.
Article VI, § 28 of the 1974 Louisiana Constitution, a local government finance provision, provides:
§ 28. Local Governmental Subdivisions; Occupational License Tax
Section 28. The governing authority of a local governmental subdivision may impose an occupational license tax not greater than that imposed by the state. Those who pay a municipal occupational license tax shall be exempt from a parish occupational license tax in the amount of the municipal tax. The governing authority of a local governmental subdivision may impose an occupational license tax greater than that imposed by the state when authorized by law enacted by the favorable *698 vote of two-thirds of the elected members of each house of the legislature.
The function of the court in construing a constitutional provision is to ascertain and give effect to the intent of the people who adopted it. Before ratification, the draft constitution was a mere proposal, without force or effect. The political act that made the constitution of 1974 binding was the vote of the people; it is the understanding that can be reasonably ascribed to that voting population as a whole that controls. Succession of Lauga, 624 So.2d 1156 (La.1993); City of New Orleans v. Scramuzza, 507 So.2d 215 (La.1987); Board of Comm'rs of Orleans Levee Dist. v. Department of National Resources, 496 So.2d 281 (La.1986); Bank of New Orleans & Trust Co. v. Seavey, 383 So.2d 354 (La.1980); Chehardy v. Democratic Executive Comm., 259 La. 45, 249 So.2d 196 (1971); Devlin, Privacy and Abortion Rights Under the Louisiana State Constitution: Could Roe v. Wade Be alive and Well in the Bayou State, 51 La.L.Rev. 685, 689-90 (1991).
In general, in seeking to discover that constitutional intent, this court is guided by the same rules it follows in interpreting laws and written instruments. Succession of Lauga, 624 So.2d at 1165; Scramuzza, 507 So.2d at 217; Aguillard v. Treen, 440 So.2d 704 (La.1988); Barnett v. Develle, 289 So.2d 129 (La.1974); Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111 (1958). When a constitutional provision is clear and unambiguous, and its application does not lead to absurd consequences, it must be applied as written without further interpretation in search of its intent. Every provision must be interpreted in light of the purpose of the provision and the interests it furthers and resolves. When the provision is susceptible of different meanings, it is interpreted by examining the context and the text in which it occurs as a whole and by giving it the meaning that best conforms to its purpose. Provisions on the same subject matter are interpreted in reference to each other. See Succession of Lauga, 624 So.2d at 1165 and authorities cited therein; La.Civil Code arts. 9-13 (1988).
Interpreting Article VI, § 28 with these precepts in mind, it is clear that the provision was intended to achieve the purpose of adjusting the conflicting and competing financial interests of the state, the local governments, and the pursuers of businesses and occupations as follows: (1) the state has the power to impose occupational license taxes for itself and, by refraining therefrom or exercising restraint therein, the power to control local governmental authority to impose such taxes; (2) a local government has concurrent authority to impose an occupational license tax equal to that imposed by the state, and it is empowered to impose a tax greater than the state's when authorized by a legislative supermajority; (3) pursuers of businesses and occupations are afforded protection from excessive local government occupational and business taxation by (i) the threshold legislative prerogative as to whether to allow any occupational license tax at all to be imposed; (ii) the general requirement of a legislative supermajority for the levy of a new tax, an increase in an existing tax, or a repeal of an existing tax exemption, La. Const.1974, Art. VII, § 2; (iii) the requirement of a legislative supermajority to authorize a local occupational license tax greater than the state's; and (iv) an exemption from parish occupational license taxes in the amount of municipal taxes paid. Consequently, the tax at issue clearly violates Article VI, § 28 of the 1974 Louisiana Constitution, if it is an occupational license tax, because the tax is greater than any such state tax and the measure was not authorized by law enacted by two-thirds of the elected members of each house of the legislature.
The city argues, however, that the constitution has granted it an additional authorization to impose an occupational license tax. As this court has recognized, Article IV, § 4 of the 1974 Louisiana Constitution retained the preexisting home rule powers of local governments except as inconsistent with the constitution, and the preexisting home rule charter of the City of New Orleans authorized the city to impose all kinds of taxes or license fees necessary for operation of municipal government not expressly prohibited by the constitution. Circle Food Stores, Inc. v. City of New Orleans, 620 So.2d 281 (La. *699 1993); Reed v. City of New Orleans, 593 So.2d 368 (La.1992); Hildebrand v. City of New Orleans, 549 So.2d 1218 (La.1989); Scramuzza v. City of New Orleans, 507 So.2d 215 (La.1987); ACORN v. City of New Orleans, 377 So.2d 1206 (La.1979). Moreover, the constitution does not expressly prohibit a local government from exercising home rule taxing power to impose an occupational license tax. Article VI, § 28, however, was intended by the drafters and ratifiers to fulfill the purpose of adjusting the constellation of financial interests of the state, the local governments and the pursuers of occupations and businesses involved in the imposition of occupational license taxes. In other words, Section 28 not only includes a specific tax authorization, it also carries forward the restriction against occupational license taxes in excess of those imposed by the state, with some relief for local government possible by a vote of two-thirds of the legislature. See R. Gordon Kean, Local Government and Home Rule, 21 Loy.L.Rev. 63, 74 (1975). Therefore, the city's home rule power to authorize an occupational license tax in excess of that approved by two-thirds of the elected members of each house of the legislature is in conflict with the restriction and the accommodation of interests provided for by Article VI, § 28 of the 1974 Louisiana Constitution and must yield to that provision.

2.
Alternatively, the city argues that its power to impose the tax at issue here is not subject to the restriction of Article VI, § 28 because the tax is not an "occupational license tax" within the meaning of the term as used in the constitutional provision. According to the city, the drafters and ratifiers did not intend to limit local governments' powers to impose a tax on the privilege of pursuing an occupation unless the government provided, as part of the tax, that a defaulting taxpayer could be enjoined from pursuing his business or occupation. The city bases its argument on the fact that at the time of the adoption of the 1974 Louisiana constitution, the state occupational license tax law and the local government ordinances mirroring that law provided for the injunction of the pursuit of an occupation or business in the event of nonpayment. Because the tax on the privilege of engaging in a telecommunications business does not provide for an injunction upon default in payment, the city reasons, it is not an occupational license tax subject to the restrictive provisions of Article VI, § 28.
In our opinion, the drafters and ratifiers did not intend to narrow the focus of Article VI, § 28 so as to affect only occupational license taxes that contain injunctive remedy clauses. The clear and unambiguous words of the constitutional provision refer to all occupational license taxes regardless of the method of their enforcement. Even if the language of the provision were deemed to be susceptible of different meanings, the meaning that best conforms to the purpose of the provision in adjusting the constellation of state, local government, and individual interests affected is that the term refers to any tax upon the privilege of carrying on a business, occupation, or profession. Further, because this is the generally prevailing meaning of the term, it should be used in interpreting the constitutional provision. The term occupational license tax consistently has been used to refer to any tax on the activity or privilege of conducting a business or practicing a profession. Mire v. City of Lake Charles, 540 So.2d 950, 952 (La.1989); Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111 (1958); Giamalva v. Cooper, 217 La. 979, 47 So.2d 790 (1950); Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11 (1941). Also, gross receipts taxes, whose amount are calculated by reference to the total revenue, are generally considered to be occupational license taxes although economically they operate as sales taxes. Like other occupational license taxes, they are subject to constitutional restraints on the power to tax. See 4 Sands & Libonati, Local Government Law § 23.20 (1982). We have not found or been referred to anything in our cases or commentary that suggests that the term "occupational license tax" is restricted to taxes enforceable by injunctive remedies. In other states, local laws prescribe various remedies by which delinquent taxes are collected. 16 McQuillin, Municipal Corporations § 44.134 (3d ed. 1984). The most common remedies are: An action to recover a personal judgment; *700 an action to foreclose a tax lien; summary sale of property on which taxes are a lien; and distraint. Id. Cursory examination of literature on other legal systems indicates that the injunctive remedy rarely is used to collect delinquent licenses or taxes; certainly it is not considered an indispensable characteristic of either. See 9 McQuillin, at §§ 26.68-101.10; 16 McQuillin, at §§ 44.131-138. Consequently, the tax at issue violates Article VI, § 28 of the 1974 Louisiana Constitution because it is an occupational license tax greater than any such state tax and was not authorized by the required legislative supermajority.

Conclusion
The city's power to impose an occupational license tax is subject to the restrictive provisions of Article VI, § 28 of the 1974 Louisiana Constitution. The New Orleans Telecommunications Gross Receipts Tax violates the constitution because it attempts to impose an occupational license tax in contravention of Article VI, § 28. Accordingly, the judgment of the court of appeal declaring the tax and the ordinance adopting it unconstitutional is affirmed.
AFFIRMED.
NOTES
[*] HALL, J., not on the panel. Rule IV, Part 2, § 3.