Dear Representative Mills:
You have requested an opinion from this Office regarding the legality of parish ordinances that charge fees for the construction of pipelines and pipeline canals within the parish's jurisdiction. Specifically, you have asked if either legislative authority or parish voter approval is necessary before a parish can pass an ordinance levying an impact fee that includes the following requirements:
 • A processing fee of $500.00
 • Documentation of the total estimated cost of the proposed project
 • A fee of 1.0% of the total estimated cost of the project (not to exceed $10,000.00)
The ordinance in question is a recently-amended Lafourche Parish ordinance, Lafourche Parish Ordinance 19:602. This Office has rendered numerous opinions on the validity of various "impact fees" in the past.See e.g., La. Atty. Gen. Op. No. 08-0084.
To answer your question, we must first look to the Louisiana Supreme Court's analysis of the distinction between a fee and a tax in AudubonInsurance Company v. Bernard, 434 So.2d 1072 (La. 1983):
 It is well settled generally and in Louisiana that not every imposition of a charge or fee by the government constitutes a demand for money under its power to tax. If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power. . . . In similar fashion, the police power may be exercised to charge fees to persons receiving grants or benefits not shared by other members of society. . . . But if revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or *Page 2 
conferring special benefits upon those assessed, the imposition is a tax. . . . [internal citations omitted]
Similarly, in Safety Net For Abused Persons v. Segura, 96-1978 (La. 4/8/97), 692 So.2d 1038, the Louisiana Supreme Court stated:
 The nature of a charge is determined not by its title, but by its incidents, attributes and operational effect. Thus, the nature of a charge must be determined by its substance and realities, not its form . . .
 A charge that has as its primary purpose the raising of revenue, as opposed to the regulation of public order, is a tax. Moreover, a tax is a charge that is unrelated to or materially exceeds the special benefits conferred upon those assessed.
Our office has consistently applied this analysis. In La. Atty. Gen. Op. No. 04-0381, we opined that a documentary transaction tax or immovable property transaction fee imposed as "a means of defraying the cost of providing general parochial services to the citizens of Livingston Parish, such as police and fire protection, infrastructure, etc." was a tax, because its primary purpose was to raise parish revenues.
Similarly, in La. Atty. Gen. Op. No. 05-0282 we opined that a wastewater development impact fee established by West Baton Rouge Parish was a tax. The impact fee, which was to be imposed as a means of defraying the cost of providing general parochial services within West Baton Rouge Parish, specifically within the area(s) impacted by development, for services with respect to ". . . potable water, wastewater, storm water, transportation, school and recreation impacts . . .", was a tax because its primary purpose was to raise parish revenues.
Based on the information provided, to our office, we are of the opinion that the contemplated 1% fee is properly classified a tax. Although the ordinance requires deposit into the Lafourche Parish Government Coastal Restoration Fund, it appears that the primary purpose of the fee is to generate funds to offset the potential costs associated with restoring or maintaining pipeline canals.
The fee would apply across the board indiscriminately to all pipeline projects. Thus, it appears that persons to whom the fee will apply will receive benefits that are shared by all members of Lafourche Parish. In this regard, we are referring to the reality that, as these funds are dedicated to coastal restoration, the population of the Parish, as a whole, benefits from restoration projects through increased storm protection and increased environmental quality. In addition, the regulatory aspects of such projects are largely managed by federal and State *Page 3 
agencies.[1] Accordingly, it seems unlikely that costs of up to $10,000.00 can be said to be necessary to cover the Parish's expenses. Further, there is no apparent basis for the 1% fee to be linked to the construction costs of pipeline projects, as this does not correlate with either the duties of the Parish in maintaining paperwork on the project or with the costs of restoration and maintenance for any damages. For these reasons, it is the opinion of this Office that the 1 % fee would properly be classified as a tax, as opposed to a fee.
Accordingly, we are of the opinion that, absent legislative action or electoral approval, the Parish may not impose the 1% fee on pipeline projects. Such a fee constitutes an illegal tax.
It is further the opinion of this Office that the other portions of the ordinance, the $500.00 application fee and the requirement to submit plans, do comport with the regulatory duties and are commensurate with the ministerial duties of the Parish and are thus proper fees and requirements.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: __________________
 RYAN M. SEIDEMANN
 Assistant Attorney General
JDC/RMS/tp
[1] See, La.R.S. 49:214.25(A)(2) for coastal issues of local concern (pipelines are not included in this list). In fact, La.R.S. 49:214.45(A)(1) clearly places the regulation of pipelines within the coastal zone under the jurisdiction of the State. It is under this statutory authority that Lafourche Parish regulates coastal zone activities. Lafourche Parish Ordinance 19:401.
Opinion Number 08-0084 Mr. Charles L. Brumfield Attorney General of Louisiana — Opinion. November 7, 2008. *Page 1 
 90-A-1 PUBLIC FUNDS CONTRACTS
 Absent legislative action or electoral approval, the Police Jury maynot impose a user fee per residence and per business to offset increasein the costs associated with waste collection and disposal. Such anincrease constitutes an illegal tax.
Mr. Charles L. Brumfield
Assistant District Attorney
4th Judicial District of Louisiana
Post Office Box 1079
Bastrop, LA 71220-1079
JAMES D. "BUDDY" CALDWELL, ATTORNEY GENERAL
Dear Mr. Brumfield:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Morehouse Parish Police Jury, you have asked for our opinion as to whether the Morehouse Parish Police Jury can supplement its sales tax revenue with a user fee per residence and per business to offset the increase in costs of waste collection and disposal.
Your request indicates that Morehouse Parish Police Jury (Police Jury) currently collects a one-half cent sales tax, parish wide, dedicated to solid waste collection and disposal. From this revenue, the Police Jury provides garbage and trash collection from residences and businesses within the parish. Your request goes on to indicate that the Police Jury contracts with Waste Management, Inc. who charges a per residence and per business collection charge. Waste Management, Inc.'s charges have increased to the point where the sales tax no longer covers the expense of waste collection and disposal.
The Police Jury would like to supplement its current sales tax revenue with a user fee per residence and per business to offset the increase in costs. The fee would be paid to the Police Jury who would deposit the fee into the solid waste fund currently funded by the sales tax.
To answer your question, we must first look to the Louisiana Supreme Court's analysis of the distinction between a fee and a tax in AudubonInsurance Company v. Bernard, 434 So.2d 1072 (La. 1983):
 It is well settled generally and in Louisiana that not every imposition of a charge or fee by the government constitutes a demand for money under its power to tax. If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power. (citations omitted) In similar fashion, the police power may be exercised to *Page 2 
charge fees to persons receiving grants or benefits not shared by other members of society. (citations omitted) But if revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax. (citations omitted)
Similarly, in Safety Net For Abused Persons v. Segura, 96-1978 (La. 4/8/97), 692 So.2d 1038, the Louisiana Supreme Court stated:
 The nature of a charge is determined not by its title, but by its incidents, attributes and operational effect. Thus, the nature of a charge must be determined by its substance and realities, not its form . . .
 A charge that has as its primary purpose the raising of revenue, as opposed to the regulation of public order, is a tax. Moreover, a tax is a charge that is unrelated to or materially exceeds the special benefits conferred upon those assessed.
Our office has consistently applied this analysis. In Attorney General Opinion No. 04-0381 we opined that a documentary transaction tax or immovable property transaction fee imposed as "a means of defraying the cost of providing general parochial services to the citizens of Livingston Parish, such as police and fire protection, infrastructure, etc." was a tax, because its primary purpose was to raise parish revenues.
Similarly, in Attorney General Opinion No. 05-0282 we opined that a wastewater development impact fee established by West Baton Rouge Parish was a tax. The impact fee, which was to be imposed as a means of defraying the cost of providing general parochial services within West Baton Rouge Parish, specifically within the area(s) impacted by development, for services with respect to ". . . potable water, wastewater, stormwater, transportation, school and recreation impacts . . .", was a tax because its primary purpose was to raise parish revenues.
Based on the information provided, to our office, we are of the opinion that the contemplated user fee is properly classified a tax. It appears that the primary purpose of the user fee is to generate funds to offset the increase of the costs associated with waste collection and disposal. The fee would apply across the board indiscriminately on a per residence and per business basis. Thus, it appears that persons to whom the proposed fee will apply will receive benefits that are shared by all members of Morehouse Parish. For these reasons, the proposed fee would properly be classified as a tax, as opposed to a fee. *Page 3 
Accordingly, we are of the opinion that absent legislative action or electoral approval, the Police Jury may not impose a user fee per residence and per business to offset increase in the costs associated with waste collection and disposal. Such an increase constitutes an illegal tax.[1]
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: ___________________
 MICHAEL J. VALLAN
 Assistant Attorney General
JDC/MJV/crt
[1] The power to tax is reserved for the legislature, except as otherwise provided by the Constitution, and a political subdivision or municipality may exercise its power of taxation only under authority granted by the legislature and/or the constitution. See Attorney General Opinion No. 05-0282.
Opinion Number 05-0282 Honorable Hunter Greene Attorney General of Louisiana — Opinion. November 7, 2008. *Page 1 
La.Const Art. VI, Sec. 5
La.Const. Art. VII, Section 1 and 2
La.Const. Art. VI, Sec. 30
LSA-R.S. 33:1236(7)
West Baton Rouge Parish is without authority to levy and collect a wastewater development impact fee.
Honorable Hunter Greene
State Representative, District 66
8708 Jefferson Hwy, Suite B
Baton Rouge, LA 70809
CHARLES C. FOTI, JR., ATTORNEY GENERAL
Dear Representative Greene:
Reference is made to your request for an opinion of this office with respect to the authority of the West Baton Rouge Parish Council to levy and collect a wastewater development impact fee as established by West Baton Rouge Parish Ordinance No. 19 of 2005 (hereinafter the "Impact Fee"). Please note that in spite of the ordinance use of the term "fee", this office considers the Impact Fee to be properly classified as a `tax', as opposed to a `fee.'[1] You have kindly provided this office with a copy of the Ordinance, which is attached hereto. It is your position that the West Baton Rouge Parish Council does not have such authority.
The first issue that must be addressed is whether the Impact Fee may be imposed by West Baton Rouge Parish under authority of its home rule charter or whether state law controls in this area. It is our understanding that the West Baton Rouge Parish Home Rule Charter was adopted after the enactment of the 1974 Constitution. Attorney General'sOpinion No. 04-0062. As such, West Baton Rouge Parish's Home Rule Charter must conform to the provisions of La.Const. (1974) Art. VI, Sec. 5. A home rule charter adopted under Art. VI, Sec 5 can provide for the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with the constitution. *Page 2 
In a pronouncement of the constitutional balance between state and local governmental powers, the Louisiana Supreme Court observed that a local government subdivision that acquires home rule powers subsequent to the adoption of the 1974 constitution is authorized to exercise such powers only when "necessary, requisite, or proper for the management of its affairs." City of New Orleans v. Board of Commissioners of theOrleans Levee District, 93-0690, 640 So.2d at 244. See also, St. CharlesGaming Co., Inc. v. Riverboat Gaming Com'n, 94-2697 (La. 1/17/95),648 So.2d 1310; Daiquiri Cafe Sherwood, Inc. v. Parish of East BatonRouge, 2000-1745 (La.App. 1 Cir. 11/9/01), 818 So.2d 1; AttorneyGeneral's Op. No. 02-0267.
A local governmental subdivision operating under a home rule charter possesses power as broad as that exercised by the State, except where limited by the Constitution, by laws permitted by the Constitution, and the charter itself. Francis v. Morial, 455 So.2d 1168 (La. 1984); City ofShreveport v. Chanse Gas Corp., 34,959 (La.App. 2 Cir. 8/22/01),794 So.2d 962; Miller v. Oubre, 96-2022 (La. 10/15/96), 682 So.2d 231;Attorney General's Op. No. 02-0267. Thus, in order for a particular action or exercise of power by a home rule charter government such as the Parish of West Baton Rouge to be considerd permissible, it must be determined that the exercise of power complies with the Constitution and the laws of the State as authorized by the Constitution, as well as with the government's charter.
La.Const. (1974) Art. VII, Secs. 1 and 2 and La.Const. (1974) Art. VI, Sec. 30 pertinently provide as follows:
 "Article VII, Section 1. Power to tax; public purpose
 Sec. 1. (A) Except as otherwise provided by this constitution, the power of taxation shall be vested in the legislature, shall never be surrendered, suspended, or contracted away, and shall be exercised for public purposes only."
 "Article VII, Section 2. Power to tax; limitation
 Sec. 2. The levy of a new tax, an increase in an existing tax, or a repeal of an existing tax exemption shall require the enactment of a law by two-thirds of the elected members of each house of the legislature."
 "Article VI, Section 30. Political subdivisions; taxing power
 Sec. 30.(A) A political subdivision may exercise the power of taxation, subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal and other local purposes, strictly public in their nature . . ." *Page 3 
Clearly, the power to tax is reserved for the legislature, except as otherwise provided by the Constitution, and a political subdivision such as West Baton Rouge Parish may exercise its power of taxation only under authority granted by the legislature and/or the constitution. In accord:Attorney General's Opinion No. 98-447.
We have reviewed the statutory and constitutional provisions pertaining to parishes such as West Baton Rouge and can find no constitutional or legislative grant of authority for the imposition of an impact fee or tax such as that imposed by West Baton Rouge Ordinance No. 19 of 2005. Accordingly, it is the opinion of this office that West Baton Rouge Parish is without the authority to levy the Impact Fee.
In reaching our determination herein, we have considered LSA-R.S.33:1236(7), and we recognize that pursuant to this provision West Baton Rouge Parish is given the power to levy taxes to defray parish expenses. This provision has however, been given a restricted interpretation by the Louisiana Supreme Court. In Southern Pacific Transportation Co. v. Parishof Jefferson, 315 So.2d 619 (La. 1975), the Court held that the taxing power granted pursuant to LSA-R.S. 33:1236(7) did not delegate to a parish governing authority any right to levy taxes other than those authorized by the Constitution and legislature. See also, Radiofone, Inc. v. City ofNew Orleans, 630 So.2d 694 (La. 1994), Attorney General's Opinion No.79-1232.
We note that the legal opinion expressed herein is consistent with that expressed in two prior opinions of this office, namely Attorney General'sOpinion No. 98-447 which determined that the City of Bastrop could not, in the absence of legislative authorization, levy either a transfer tax or an impact fee for the purpose of raising revenue for the City, andAttorney General's Opinion No. 04-0381 which determined that Livingston Parish is without authority to levy a documentary transaction tax.
We trust this opinion has sufficiently addressed your inquiry, and we remain,
Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 By: _________________________
 JEANNE-MARIE ZERINGUE BARHAM
 Assistant Attorney General
CCF, jr./JMZB/dam
[1] A reading of West Baton Rouge Parish Ordinance No. 19 of 2005, as well as the West Baton Rouge Parish Code of Ordinances Chapter 20, Article XII, pursuant to which Ordinance No. 19 Of 2005 was adopted, indicates that the Impact Fee is to be imposed as a means of defraying the cost of providing general parochial services within West Baton Rouge Parish, specifically within the area(s) impacted by development, for services with respect to ". . . potable water, wastewater, stormwater, transportation, school and recreation impacts . . .". In accordance with the reasoning and analysis set forth by the Louisiana Supreme Court inAudubon Insurance Company v. Bernard, 434 So.2d 1072 (La. 1983), we are constrained to determine the Impact Fee to be properly considered to be a tax, as it appears to have for its primary purpose the raising of parish revenues.
Attachment
The following ordinance was offered by Mr. Randal Mouch, seconded by Mrs. Betty Nelson
ORDINANCE NO. 19 OF 2005 AN ORDINANCE TO AMEND CHAPTER 21 SUBDIVISIONS, SEC. 21-43. IMPROVEMENTS, (D) SEWERS. (1) TO ADD PROVISION TO PROVIDE FOR WASTEWATER DEVELOPMENT IMPACT FEES
WHEREAS new, intense developments typically produce infrastructure and facility impacts on the Parish including, but not limited to: potable water, wastewater, stormwater, transportation, school and recreation impacts AND
WHEREAS such impacts are causing undue financial burden on the Parish in terms of financial availability, timing and/or equity AND
WHEREAS this Council voted in October of 2004 to provide for a mechanism to collect development impact fees (WBR Chapter 20, Article XII) THEREFORE
BE IT ORDAINED BY THE WEST BATON ROUGE PARISH COUNCIL THAT the
following text and graphics be incorporated as Parish law and added to West Baton Rouge Code 21-43 (d) (1) "Subdivisions, Improvements, Sewers";
In addition to the connection fee described above, an impact fee for wastewater collection and treatment will be required and collected at the time of final plat approval or building permit application for all new developments and construction requiring public sewer tie-ins in approved subdivisions. These wastewater impact fees will be based on the following tables Base rare: Two thousand dollars ($2.000)

Building Type / Usage Basis Equivalency Factor
(From Building Permit Application)
Single-Family Residence Lots 1.00
Mobile Home Single-Family Residence Lots 0.79
Townhouse Lots 0.88
Duplex Lots 0.71
Multi-Family Residence Units 0.90
School Acres 2.63
Public Hospital Beds 2.S0
Other Public or Semi-Public Use Acres 1.33
Parks and Open Space Developments Acres 0.18
Retail Acres 2.65
Restaurants 1000 sq. ft. 2.50
Commercial (Other than retail, restaurants, hotel/motel) Acres1.06
Office 1000 sq. ft. 0.53
Hotel/Motel Units 0.90
Airport Acres 1.59
Industrial Acres 1.59

The establishment, collection, oversight, investment and disbursement of all accounts and funds imposed by this impact fee shall be coordinated by the Director of Utilities and shall be performed according to the procedures and norms set forth in Article XII "Impact Fees" of Chapter 20 "Special Districts" of the Parish Compiled Ordinances. The definitions listed in Article XII of Chapter 20 are applicable to this code as well.
NOW THEREFORE BE IT ORDAINED by the West Baton Rouge Parish Council, that this ordinance shall become effective thirty (30) days after advertisement in the Parish Official Journal pursuant to Section 2-12 (C) of the Home Rule Charter,
NOW THEREFORE BE IT FURTHER ORDAINED by the West Baton Rouge Parish Council, that all other ordinances or parts of ordinances in conflict herewith are hereby repealed in their entirety.
NOW THEREFORE BE IT FURTHER ORDAINED by the Parish Council of the Parish of West Baton Rouge, Louisiana, that if any provision or item of this ordinance or the application thereof is held invalid, such invalidity shall not effect other provisions, items or applications of this ordinance which can be given effect without the invalid provisions, items, or applications of this ordinance are hereby declared severable.
The foregoing ordinance having been submitted to a vote was adopted by the following year and nay on roll call:
YEAS: 9 (Messrs, Washington, Mouch, LeBlanc, Anderson, Johnson, Kershaw, Brown, Cashiola, Mrs. Nelson)
NAYS: 0 (None)
WHEREUPON the ordinance was declared to be adopted on the 12th day of May, 2005.
ATTEST:
Sharon Zito, Council Clerk
CERTIFICATE
I, Sharon Zito, hereby certify that I am the duly qualified Council Clerk of the West Baton Rouge Parish Council.
I further certify that the above and foregoing is true and correct copy of an ordinance adopted by the West Baton Rouge Parish Council in regular session on the 12th day of May, 2005.
I further certify that the above and foregoing ordinance was submitted to the Parish President at o'clock on the day of May, 2005.
IN FAITH WHEREOF witness my official signature and the impress of the official seal of the West Baton Rouge Parish Council, Louisiana, on this 13th day of May, 2005.
Sharon Zito, Council Clerk
PRESIDENT APPROVAL OR VETO
I, Riley Berthelot, Jr., Parish President, West Baton Rouge Parish, State of Louisiana, hereby [ ] approve
[ ] veto
the foregoing ordinance on the day of May, 2005.
Riley Berthelot, Jr. Parish President
COUNCIL CLERK RECEIPT CERTIFICATE
I certify that the above and foregoing ordinance was received from the Parish President at o'clock on the day of May, 2005.
Sharon Zito, Council Clerk
Opinion Number 04-0381 Honorable William B. Daniel, IV Attorney General of Louisiana — Opinion. November 7, 2008. *Page 1 
La.Const Art. VI, Sec. 5
La.Const. Art. VII, Section 1 and 2
La.Const. Art. VI, Sec. 30 LSA-R.S. 33:1236(7)
Livingston Parish is without authority to levy a documentary transaction tax or an immovable property transaction tax.
Honorable William B. Daniel, IV
State Representative, District 68
17170 Perkins Road
Baton Rouge, Louisiana 70810
CHARLES C. FOTI, JR., ATTORNEY GENERAL.
Dear Representative Daniel:
Reference is made to your request for an opinion of this office with respect to the authority of the Livingston Parish Council to levy and collect a documentary transaction tax or immovable property transaction fee as established by Livingston Parish Ordinance No. 04-28 (hereinafter the "Documentary Transaction Tax"). Please note that this office considers the Documentary Transaction to be properly classified as a `tax', as opposed to a `fee.'[1] You have kindly provided this office with a copy of the Ordinance, which is attached hereto. It is your position that the Livingston Parish Council does not have such authority.
The first issue that must be addressed is whether the Documentary Transaction Tax may be imposed by Livingston Parish under authority of its home rule charter or whether state law controls in this area. It is our understanding that the Livingston Parish Home Rule Charter was adopted after the enactment of the 1974 Constitution. Attorney General'sOpinion No. 96-406. As such, Livingston Parish's Home Rule Charter must conform to the provisions of La.Const. (1974) Art. VI, Sec. 5. A home rule charter adopted under Art. VI, Sec 5 can provide for the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with the constitution.
In a pronouncement of the constitutional balance between state and local governmental powers, the Louisiana Supreme Court observed that a local government *Page 2 
subdivision that acquires home rule powers subsequent to the adoption of the 1974 constitution is authorized to exercise such powers only when "necessary, requisite, or proper for the management of its affairs." Cityof New Orleans v. Board of Commissioners of the Orleans Levee District, 93-0690, 640 So.2d at 244. See also, St Charles Gaming Co., Inc. v.Riverboat Gaming Com'n, 94-2697 (La. 1/17/95), 648 So.2d 1310; DaiquiriCafe Sherwood, Inc. v. Parish of East Baton Rouge, 2000-1745 (La.App. 1 Cir. 11/9/01), 818 So.2d 1; Attorney General's Op. No. 02-0267.
A local governmental subdivision operating under a home rule charter possesses power as broad as that exercised by the State, except where limited by the Constitution, by laws permitted by the Constitution, and the charter itself. Francis v. Morial, 455 So.2d 1168 (La. 1984); City ofShreveport v. Chanse Gas Corp., 34,959 (La.App. 2 Cir. 8/22/01),794 So.2d 962; Miller v. Oubre, 96-2022 (La. 10/15/96), 682 So.2d 231;Attorney General's Op. No. 02-0267. Thus, in order for a particular action or exercise of power by a home rule charter government such as the Parish of Livingston to be considerd permissible, it must be determined that the exercise of power complies with the Constitution and the laws of the State as authorized by the Constitution, as well as with the government's charter.
La.Const. (1974) Art. VII, Secs. 1 and 2 and La.Const. (1974) Art. VI, Sec. 30 pertinently provide as follows:
 "Article VII, Section 1. Power to tax; public purpose
 Sec. 1. (A) Except as otherwise provided by this constitution, the power of taxation shall be vested in the legislature, shall never be surrendered, suspended, or contracted away, and shall be exercised for public purposes only."
 "Article VII, Section 2. Power to tax; limitation
 Sec. 2. The levy of a new tax, an increase in an existing tax, or a repeal of an existing tax exemption shall require the enactment of a law by two-thirds of the elected members of each house of the legislature."
 "Article VI, Section 30. Political subdivisions; taxing power
 Sec. 30. (A) A political subdivision may exercise the power of taxation, subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal and other local purposes, strictly public in their nature . . ."
Clearly, the power to tax is reserved for the legislature, except as otherwise provided by the Constitution, and a political subdivision such as Livingston Parish may exercise *Page 3 
its power of taxation only under authority granted by the legislature and/or the constitution. In accord: Attorney General's Opinion No.98-447.
We have reviewed the statutory and constitutional provisions pertaining to parishes such as Livingston and can find no constitutional or legislative grant of authority for the imposition of a documentary transaction tax or an immovable property transaction tax. Accordingly, it is the opinion of this office that Livingston Parish is without the authority to levy the Documentary Transaction Tax.
In reaching our determination herein, we have considered LSA-R.S.33:1236(7), and we recognize that pursuant to this provision Livingston Parish is given the power to levy taxes to defray parish expenses. This provision has however, been given a restricted interpretation by the Louisiana Supreme Court. In Southern Pacific Transportation Co. v. Parishof Jefferson, 315 So.2d 619 (La. 1975), the Court held that the taxing power granted pursuant to LSA-R.S. 33:1236(7) did not delegate to a parish governing authority any right to levy taxes other than those authorized by the Constitution and legislature. See also, Radiofone, Inc. v. City ofNew Orleans, 630 So.2d 694 (La. 1994), Attorney General's Opinion No.79-1232.
We trust this opinion has sufficiently addressed your inquiry, and we remain,
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 By: _______________________
 JEANNE-MARIE ZERINGUE BARHAM
 Assistant Attorney General
CCF, jr./JMZB/dam
[1] We are advised by Mr. Blaine Honeycutt, attorney to the Parish of Livingston, that the Parish seeks to impose the Documentary Transaction Tax as a means of defraying the cost of providing general parochial services to the citizens of Livingston Parish, such as police and fire protection, infrastructure, etc. In accordance with the reasoning and analysis set forth by the Louisiana Supreme Court in Audubon InsuranceCompany v. Bernard, 434 So.2d 1072 (La. 1983), we consider the Documentary Transaction Tax to be properly considered a tax, as it has for its primary purpose the raising of parish revenues.