Dear Representative Honey:
You have asked us to reconsider Attorney General Opinion No. 08-0184, regarding the City of Monroe's use of sales and use tax proceeds to pay for the increased cost of health insurance benefits for fire and police employees, rather than have the employees pay those costs via payroll deduction. In Opinion No. 08-0184, we opined that such use was in accordance with the tax proposition approved by voters in 2004, which contained the following language:
 CITY OF MONROE (POLICE AND FIRE SALES TAX PROPOSITION) SUMMARY: 49% SALES AND USE TAX DESIGNATED FOR SALARY INCREASES AND ANY ADDITIONAL BENEFITS FOR THE MONROE FIRE DEPARTMENT AND MONROE POLICE DEPARTMENT PERSONNEL.
 Shall the City of Monroe, State of Louisiana (the "City"), under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority, be authorized to levy and collect a tax of forty nine hundredths of one percent (.49%) (the "Tax"), upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on the sales of service in the City, with the proceeds of the Tax (after paying reasonable and necessary costs and expenses of the election and of the collection and administering the Tax) to be divided equally between the Monroe Fire Department and the Monroe Police Department and to be used for the purpose of salary increases and any additional benefits for the Monroe Fire Department and Monroe Police Department personnel?
As we explained previously, the tax levied under this proposition is dedicated "for the purpose of salary increases and any additional benefits for the Monroe Fire Department and Monroe Police Department personnel." We initially interpreted the term "additional *Page 2 
benefits" to encompass the increased costs of health insurance, because if such costs were passed on to the fire and police department employees, as a whole, it would decrease the net amount of their paychecks. Nevertheless, for the reasons set forth below, we believe that our initial assessment was incorrect.
Local governments can impose taxes only when such power has been granted to them by the state constitution or by statute.[1] Under La.Const. art. VI, § 29, the governing authority of any local governmental subdivision has the authority to "levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose." Additionally, the legislature has directed that the proceeds of such sales taxes be dedicated and used solely for the purposes approved by the voters.[2] Therefore, once an election is held wherein citizens approve a tax dedicated to one purpose, the tax proceeds cannot be used for any other purpose.[3]
In order to determine whether the use of the sales tax proceeds is appropriate, we must determine what the voters intended when they approved the proposition dedicating the tax revenues, in part, for "additional benefits" for fire and police department employees. The controlling factor in making this determination is the understanding that can reasonably be ascribed to the voting population as a whole.[4]
The common understanding of an additional benefit is a benefit that was not given previously. When the voting public is asked to tax itself to give additional benefits to police and fire personnel, it is reasonable to believe that the voters intended to give such personnel benefits that exceed the benefits that they were receiving at the time the proposition was approved.
Thus, if fire and police personnel were being provided with health insurance benefits before the tax proposition was approved, the City of Monroe's use of sales and use tax proceeds to pay for the increased cost of the pre-existing health insurance benefits for fire and police employees, rather than have the employees pay those costs via payroll deduction, is not in accordance with the proposition presented to and approved by the voters in 2004. To the extent Atty. Gen. Op. No. 08-0184 provides otherwise, that opinion is hereby recalled.
Finally, we note that the City has indicated that, in light of our reconsidered opinion, any increased cost of health insurance will have to be paid by fire and police employees via *Page 3 
payroll deduction. From the information presented, we see no legal impediment to such an arrangement.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 cc: Honorable James E. Mayo, Mayor of the City of Monroe JDC/BAH II
[1] Local Number 1442 v. Crowley, 2009 WL 1384977 (La.), 2008-1392 (La. 5/5/09), citing Denham Springs Economic DevelopmentDist. v. All Taxpayers, 04-1674, p. 7 (La.2/4/05),894 So.2d 325, 331, Radiofone, Inc. v. City of New Orleans, 93-0962, p. 2 (La.1/14/94), 630 So.2d 694, 696.
[2] See La.R.S. 33:2714, La.R.S. 33:2721.6(D)(5).
[3] Local Number 1442 v. Crowley, citing Denham SpringsEconomic Development Dist., 04-1674 at p. 14, 894 So.2d at 335.
[4] Local Number 1442 v. Crowley, citing Denham SpringsEconomic Development Dist., 04-1674 at p. 15, 894 So.2d at 335.