Dear Chief Menard:
Your request for an Attorney General's Opinion regarding the use of certain sales and use tax proceeds has been assigned to me for research and reply.
You indicated that, on July 11, 1981, the voters of what was then the Village of Youngsville approved a one percent sales and use tax, all of which were dedicated, according to the proposition, "for the purpose of paying the cost of providing additional law enforcement facilities for the Village, including the acquisition of equipment and furnishings thereof, the construction and/or acquisition of buildings to house such facilities and paying employees' and policemen's salaries." You ask whether it would be proper for the City to use these tax proceeds for any purpose other than those stated in the tax proposition.
Local governments can impose taxes "only when such power has been granted to them by the state constitution or by statute."[1] Under La.Const. art. VI, § 29, the governing authority of any local governmental subdivision has the authority to "levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose." Additionally, the legislature has directed that the proceeds of such sales taxes be dedicated and used solely for the purposes approved by the voters.[2] Therefore, "once an election is held wherein citizens approve a tax dedicated to one purpose, the tax proceeds cannot be used for any other purpose."[3] *Page 2 
These authorities provide the basis for the answer to your question. In our opinion, sales and use tax proceeds must be used solely for the purposes approved by the voters.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY:__________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II
[1] Local Number 1442 v. Crowley, 2008-1392, 9 So.2d 792 (La. 5/5/09); citing Denham SpringsEconomic Development Dist. v. All Taxpayers, 04-1674, p. 7, 894 So.2d 325, 331 (La.2/4/05); Radiofone,Inc. v. City of New Orleans, 93-0962, p. 2, 630 So.2d 694, 696 (La.1/14/94).
[2] See La.R.S. 33:2714, La.R.S. 33:2721.6(D)(5).
[3] Local Number 1442 v. Crowley, 9 So.2d at 796; citingDenham Springs Economic Development Dist.,894 So.2d at 335.