Dear Mr. Honeycutt:
Your request on behalf of the Livingston Parish Council (hereinafter "Parish Council") for an Attorney General's Opinion regarding the use of certain sales and use tax proceeds has been assigned to me for research and reply.
You indicated that, on January 21, 2006, the voters of Livingston Parish approved a one percent sales and use tax, three-fourths of which are dedicated, according to the proposition, "to construct, acquire, extend, expand, improve, maintain, and operate roads, bridges, and related road drainage throughout the Parish." [Emphasis added.] You ask whether it would be proper for the Parish Council to use the tax proceeds to pay for the removal of debris from major drainage canals and ditches located within the Parish, but which are not adjacent to roads.
Local governments can impose taxes only when such power has been granted to them by the state constitution or by statute.[1] Under La.Const. art. VI, § 29, the governing authority of any local governmental subdivision has the authority to "levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose." Additionally, the legislature has directed that the proceeds of such sales taxes be dedicated and used solely for the purposes approved by the voters.[2] Therefore, once an election is held wherein citizens approve a tax dedicated to one purpose, the tax proceeds cannot be used for any other purpose.[3] *Page 2 
In order to determine whether the use of the sales tax proceeds is appropriate, we must determine what the voters intended when they approved the proposition dedicating the tax revenues, in part, "to construct, acquire, extend, expand, improve, maintain, and operate . . . related road drainage throughout the Parish." The controlling factor in making this determination is the understanding that can reasonably be ascribed to the voting population as a whole.[4]
Although you have provided a statement from a professional engineer attesting that all roadside ditches are connected to the major drainage canals and ditches, we believe that the common understanding of "related road drainage" would primarily, if not exclusively, include road drainage that is adjacent to roads. When the voting public is asked to tax itself to "to construct, acquire, extend, expand, improve . . . related road drainage throughout the Parish," it is reasonable to believe that the voters intended that such drainage have a close physical proximity to roads.
Considering the foregoing, it is the opinion of this office that it is not permissible for the Parish Council to use tax proceeds dedicated "to construct, acquire, extend, expand, improve, maintain, and operate roads, bridges, and related road drainage throughout the Parish" in order to pay for the removal of debris from major drainage canals and ditches located within the Parish, but which are not adjacent to roads.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:__________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II
[1] Local Number 1442 v. Crowley, 2009 WL 1384977 (La.), 2008-1392 (La. 5/5/09), citing Denham Springs Economic DevelopmentDist. v. All Taxpayers, 04-1674, p. 7 (La.2/4/05),894 So.2d 325, 331, Radiofone, Inc. v. City of New Orleans, 93-0962, p. 2 (La.1/14/94), 630 So.2d 694, 696.
[2] See La.R.S. 33:2714, La.R.S. 33:2721.6(D)(5).
[3] Local Number 1442 v. Crowley, citing Denham SpringsEconomic Development Dist., 04-1674 at p. 14, 894 So.2d at 335.
[4] Local Number 1442 v. Crowley, citing Denham SpringsEconomic Development Dist., 04-1674 at p. 15, 894So.2d at 335.