KIMBALL, C.J.,
concurs and assigns reasons.
hi respectfully concur in the result. While I agree with the majority’s decision to reverse the court of appeal and reinstate the ruling of the trial court permitting the defendant to waive his right to a trial by jury, I disagree with the portion of the majority’s reasoning finding the district court erred in failing to set a trial date more than forty-five days from the initial setting of the trial.
The majority’s analysis of the legislative history of La. Const, art. I, § 17 is fundamental to the ultimate outcome in this case. The role of the court in construing a constitutional provision is to ascertain and give effect to the intent of the people who adopted the provision. Radiofone, Inc. v. City of New Orleans, 93-0962, p.7 (La.1/14/94), 630 So.2d 694, 698. The starting point in the interpretation of a constitutional provision is the language of the constitution itself. East Baton Rouge Parish School Bd. v. Foster, 02-2799, p.16 (La.6/6/03), 851 So.2d 985, 996 (citations omitted). When a constitutional provision is plain and unambiguous, and its application does not lead to absurd consequences, its language must be given effect. Id. In a case like this, where a literal interpretation of the article would lead to absurd consequences, this Court must search the legislative history to | ¡.ascertain and give effect to the intent of the redactors who adopted the provision. See State v. Johnson, 03-2993, p.12 (La.10/19/04), 884 So.2d 568, 575. (“[I]n many cases, the legislative history of an act and contemporaneous circumstances may be helpful guides in ascertaining legislative intent.”); La. R.S. 24:177(B)(2)(a) (“The occasion and necessity for the law, the circumstances under which it was enacted, concepts of reasonableness, and contemporaneous legislative history may also be considered in determining legislative intent.”).
Juxtaposing the initial proposed amendment to La. Const, art. I, § 17 with the enacted version, it is readily apparent the redactors did not intend to provide unbridled discretion to the prosecutor and trial court to prevent a defendant from exercising his or her constitutionally granted right to waive a trial by jury. The amendment represents a compromise, whereby the redactors added the forty-five day period to protect the State from last minute waivers by a defendant and removed the clause requiring the prosecution’s consent and court approval. The compromise clearly indicates the redactors intended to back away from the unilateral waiver initially proposed. To allow the State to set the trial date within the ■ forty-five day period would run afoul of the spirit of the constitutional amendment. See La.C.Cr.P. art. 3.[1] The language of the constitutional amendment, as supported by its legislative history, clearly was not written envisioning a situation where the State set a trial date purposely within the forty-five day period. Where a procedure is not specifically prescribed the court may proceed in a manner *332 consistent with the spirit of the constitutional provision. Id.
[sin a case such as this, where the State uses its power granted by La.C.Cr.P. art. 61[2] to set the trial date within the forty-five day period, the defendant’s constitutional right to waive a trial by jury must be preserved. The facts demonstrate the defendant’s attorney expressly conditioned the agreement to set the trial date within the forty-five day period upon her client’s ability to waive his right to a trial by jury. The State even readily admits part of the rationale for setting the trial date within the forty-five day period was to take away the defendant’s constitutionally granted right to waive a trial by jury. This amounts to a clear prosecutorial veto, which was rejected by the redactors as indicated by the legislative history.
Under the majority’s approach the constitutional amendment would be interpreted as rigidly against the State as against the defendant. This would essentially mean the State would never be able to set the case for trial pursuant to its power granted by La.C.Cr.P. art. 61 less than forty-five days before trial. The majority’s interpretation would also impair the ability of both the State and the defendant to agree on a trial date less than forty-five days before trial. Pursuant to my interpretation, both the State and defendant would have more flexibility in setting the trial date, and the State’s power to determine when it will prosecute pursuant to La.C.Cr.P. art. 61 would be preserved. Therefore, in my opinion, if the State sets the trial date within the forty-five day period, for the defendant’s right to be preserved, the defendant must be allowed to exercise his or her right of waiver notwithstanding such forty-five day period.

. La.C.Cr.P. art. 3 provides: "Where no procedure is specifically prescribed by this Code or by statute, the court may proceed in a manner consistent with the spirit of the provisions of this Code and other applicable statutory and constitutional provisions.”

. La.C.Cr.P. art. 61 provides: "Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.” (Emphasis added).